# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

### CASE NO.: 1:20-cv-03616-SDG

BRYAN ZACK MASON,

                Plaintiff,

v.

SONY PICTURES
ENTERTAINMENT INC., SONY
PICTURES TELEVISION INC.,
NBCUNIVERSAL MEDIA, LLC,
AND ERIC E. KRIPKE dba KRIPKE
ENTERPRISES,

                Defendants.

**MOTION AND BRIEF IN SUPPORT OF MOTION OF DEFENDANTS
ERIC E. KRIPKE (ERRONEOUSLY SUED AS DBA KRIPKE
ENTERPRISES), SONY PICTURES ENTERTAINMENT INC., AND
NBCUNIVERSAL MEDIA, LLC TO DISMISS THE COMPLAINT UNDER
FRCP 12(b)(2), (3), AND (6), OR ALTERNATIVELY, TO TRANSFER THE
ACTION PURSUANT TO 28 U.S.C. § 1404(a)**

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ............................................... 1

II.  THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION ....................................... 2

   A. Rule 12(b)(2) Standard ................................... 2

   B. Exercising Jurisdiction Does Not Comport With Due Process ...................... 3

      1. Defendants Are Not Subject to General Jurisdiction Here .......................... 4

      2. Defendants Are Not Subject to Specific Jurisdiction Here .......................... 4

   C. Personal Jurisdiction Is Not Authorized by the Long-Arm Statute ............... 7

III. THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(3) BECAUSE THIS DISTRICT IS NOT A PROPER VENUE ........................... 11

IV.  THE COMPLAINT SHOULD BE DISMISSED UNDER 12(b)(6) FOR FAILURE TO STATE A CLAIM ....................................... 11

V.   ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA ....................................... 14

   A. This Action "Might Have Been Brought" in California ................................ 14

   B. The Balance of Convenience and Justice Strongly Favors Transfer ............. 15

      1. The Convenience of the Witnesses Favors Transfer .................................. 16

      2. The Ability to Compel Witness Attendance Favors Transfer ..................... 19

      3. The Locus of Operative Facts Favors Transfer ........................................... 20

      4. Plaintiff's Choice of Forum Is Entitled to Little Weight ............................ 22

      5. Trial Efficiency and the Interests of Justice Favor Transfer ....................... 23

6. The Convenience of the Parties Favors Transfer .........................................24

7. The Remaining Factors Favor Transfer or Are Neutral .............................24

VI.    CONCLUSION...................................................................................................25

# <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

## CASES

*3Q Techs., Ltd. v. Canfield Scientific, Inc.*,
2006 WL 1455663 (N.D. Ga. May 16, 2006)....................................................10

*AFC Enters., Inc. v. Hearst Corp.*,
2012 WL 13014021 (N.D. Ga. Sept. 10, 2012)..........................................6, 9, 23

*Affordable Aerial Photography, Inc. v. Modern Living Real
Estate, LLC*,
2019 WL 3716775 (S.D. Fla. Aug. 7, 2019) ....................................................12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...........................................................................................11

*Askue v. Aurora Corp. of Am.*,
2012 WL 843939 (N.D. Ga. Mar. 12, 2012) ....................................................10

*Benson v. Coca-Cola Co.*,
795 F.2d 973 (11th Cir. 1986) ..........................................................................17

*Burger King v. Rudzewicz*,
471 U.S. 462 (1985).............................................................................................3

*Busch v. Viacom Int'l, Inc.*,
477 F. Supp. 2d 764 (N.D. Tex. 2007) ................................................................6

*Calder v. Jones*,
465 U.S. 783 (1984).............................................................................................5

*Cynthia Clay v. Cameron*,
2012 WL 13008429 (S.D. Fla. Apr. 6, 2012)....................................................13

*Daimler AG v. Bauman*,
571 U.S. 117 (2014).............................................................................................4

*Davis v. LG Chem, Ltd.*,
  2020 WL 5773462 (N.D. Ga. Sept. 28, 2020) ..................................................8, 9

*Davis v. Metro Goldwyn Mayers Pictures*,
  2007 WL 951754 (M.D. Ala. Mar. 27, 2007) ..................................15, 20, 23, 24

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
  593 F.3d 1249 (11th Cir. 2010) .....................................................................*passim*

*Fireman's Fund Ins. Co. v. Comtran Grp., Inc.*,
  2013 WL 12064285 (N.D. Ga. Oct. 7, 2013) ....................................................20

*Foxworthy v. Custom Tees, Inc.*,
  879 F. Supp. 1200 (N.D. Ga. 1995) ..................................................................11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)...........................................................................................3

*Great N. Ins. Co. v. Emerson Elec. Co.*,
  2012 WL 12875512 (N.D. Ga. Oct. 25, 2012) ................................15, 19, 20, 22

*Griffin Capital Co. v. Essential Props. Realty Trust, Inc.*,
  2019 WL 5586547 (N.D. Ga. Jan. 18, 2019)..............................................21, 22

*Gulf Oil Corp. v. Gilbert*,
  330 U.S. 501 (1947).........................................................................................19

*Hand v. Wholesale Auto Shop, LLC*,
  2018 WL 305818 (N.D. Ala. Jan. 5, 2018) .........................................................6

*Herzog v. Castle Rock Entm't*,
  193 F.3d 1241 (11th Cir. 1999) ..................................................................12, 14

*Home Design Servs., Inc. v. Turner Heritage Homes Inc.*,
  825 F.3d 1314 (11th Cir. 2016) ........................................................................13

*Home Ins. Co. v. Thomas Indus., Inc.*,
  896 F.2d 1352 (11th Cir. 1990) ........................................................................23

*Home Legend, LLC v. Mannington Mills, Inc.*,
  2014 WL 12489761 (N.D. Ga. July 2, 2014) ..............................................11, 15

*Int'l Shoe Co. v. State of Washington*,
   326 U.S. 310 (1945) ................................................................................. 3

*Internap Corp. v. Noction Inc.*,
   114 F. Supp. 3d 1336 (N.D. Ga. 2015) .................................... 14, 16, 22

*James River Inc. Co. v. Kannon & Kannon Ins., Inc.*,
   2010 WL 4704773 (S.D. Ga. Nov. 12, 2010) ....................................... 9

*Kason Indus., Inc. v. Dent Design Hardware, Ltd.*,
   952 F. Supp. 2d 1334 (N.D. Ga. 2013) ........................................... 9, 10

*Madara v. Hall*,
   916 F.2d 1510 (11th Cir. 1990) ........................................................... 7

*Manuel v. Convergys Corp.*,
   430 F.3d 1132 (11th Cir. 2005) ......................................................... 16

*McAlister v. Walt Disney Co.*,
   2007 WL 9717536 (S.D. Ala. Nov. 2, 2007) ....................................... 7

*Multistate Legal Studies, Inc. v. Marino*,
   1996 WL 786124 (C.D. Cal. Nov. 4, 1996) ....................................... 23

*Nam v. U.S. Xpress, Inc.*,
   2011 WL 1598835 (N.D. Ga. Apr. 27, 2011) ....................... 16, 17, 25

*Palmer v. Braun*,
   376 F.3d 1254 (11th Cir. 2004) ......................................................... 11

*Phigenix, Inc. v. Genentech, Inc.*,
   2015 WL 10910488 (N.D. Ga. Mar. 12, 2015) ................................. 16

*Pillon Comms., Inc. v. Faircloth Homes, Inc.*,
   2009 WL 10672532 (N.D. Ga. Dec. 17, 2009) ................................. 22

*Ramsey v. Fox News Network, LLC*,
   323 F. Supp. 2d 1352 (N.D. Ga. 2004) ....................................... 16, 17

*Sater Grp., Inc. v. Jack Bartlett Custom Homes Creations, Inc.*,
   2007 WL 121218 (M.D. Fla. Jan. 11, 2007) ..................................... 12

v

*Seal Shield, LLC v. Otter Prods., LLC*,
  2013 WL 6017330 (M.D. Fla. Nov. 13, 2013) .......................................20, 21, 24

*The Paradies Shops, LLC v. S.A.S. Jean Cassegrain & Longchamp
  USA, Inc.*,
  2013 WL 12098826 (N.D. Ga. Feb. 25, 2013) ..................................................21

*Thoroughbred Legends, LLC v. Walt Disney Co.*,
  2007 WL 9702282 (N.D. Ga. Dec. 4, 2007) ...................................................6, 10

*Tianhai Lace USA Inc. v. Forever 21, Inc.*,
  2017 WL 4712632 (S.D.N.Y. Sept. 27, 2017) ..................................................21

*Tolbert v. High Noon Prods., LLC*,
  2019 WL 6311433 (N.D. Ala. Nov. 25, 2019)..................................................6, 7

*Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*,
  761 F. Supp. 2d 1322 (M.D. Fla. Nov. 3, 2010).................................................21

*Waite v. All Acquisition Corp.*,
  901 F.3d 1307 (11th Cir. 2018) ...........................................................................5

*Walden v. Fiore*,
  571 U.S. 277 (2014)....................................................................................2, 5, 6

*Watt v. Butler*,
  457 F. App'x 856 (11th Cir. 2012) ...................................................................13

### STATUTES

28 U.S.C.
  § 1331......................................................................................................15
  § 1338(a) .................................................................................................15
  § 1391......................................................................................................10
  § 1400(a) .................................................................................10, 11, 15
  § 1404(a) .................................................................................1, 14, 15, 19

O.C.G.A.
  § 9-10-91 ...................................................................................................3
  § 9-10-91(1) ...........................................................................................8, 9

§ 9-10-91(2) ...............................................................................................8, 9
§ 9-10-91(3) ...........................................................................................8, 9, 10

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure
Rule 12(b)(2) .........................................................................................1, 10, 25
Rule 12(b)(3) ...............................................................................................1, 25
Rule 12(b)(6) ...............................................................................................1, 25
Rule 45(c)(1)(A) ................................................................................................20

## I.    INTRODUCTION

In this action, Plaintiff Bryan Zack Mason claims that the television series *Timeless* infringes the copyrights in his three books. The Complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(2) and (3), because personal jurisdiction does not exist as to Defendants Eric E. Kripke, Sony Pictures Entertainment Inc. ("SPE"), and NBCUniversal Media, LLC ("NBCU") in Georgia, and venue is improper as well. The Complaint also fails under Rule 12(b)(6): it contains no facts whatsoever regarding any allegedly infringing acts by SPE or NBCU. In any event, the Complaint, which incorporates Plaintiff's books and *Timeless* by reference, cannot state a claim for copyright infringement as a matter of law because the works are not substantially similar in protected expression.[1]

Alternatively, Defendants respectfully move the Court to transfer the action to the Central District of California pursuant to 28 U.S.C. § 1404(a). The balance of convenience and justice weighs heavily in favor of transfer to California—the locus of the operative facts underlying Plaintiff's claim, where personal jurisdiction over

---

[1] The Complaint names four defendants—Eric E. Kripke, SPE, NBCU, and Sony Pictures Television Inc. ("SPT") (collectively, "Defendants"). Instead of filing separate motions to dismiss and another motion to transfer, Mr. Kripke, SPE, and NBCU are filing this combined Motion to dismiss or transfer. SPT is concurrently filing its Motion to dismiss or transfer ("SPT Motion"): rather than repeat those arguments, Mr. Kripke, SPE, and NBCU incorporate the SPT Motion in full herein.

Defendants is not in question, and where the overwhelming majority of the non-party and party witnesses are located and subject to a trial subpoena.

## II.   THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

Plaintiff does not come close to meeting his burden of showing Defendants are subject to personal jurisdiction in Georgia. Indeed, it is clear on the face of the Complaint that none of the Defendants are subject to general jurisdiction in Georgia. Nor has Plaintiff alleged facts supporting specific jurisdiction: the Complaint does not identify a single contact by Defendants with this forum that gives rise or relates to Plaintiff's claim. Plaintiff asserts he was injured in Georgia, but "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Id.* at 284. The Complaint should be dismissed.

### A.   Rule 12(b)(2) Standard

The plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of [personal] jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010). "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff

2

to produce evidence supporting jurisdiction." *Id.* (quotations omitted).

Personal jurisdiction over a non-resident defendant is permissible only where the forum's long-arm statute permits jurisdiction without violating due process. *See Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). Plaintiff must establish both that (1) exercising personal jurisdiction comports with due process; and (2) jurisdiction is authorized by Georgia's long-arm statute, O.C.G.A. § 9-10-91. *See Diamond*, 593 F.3d at 1263 ("both, separate prongs of the jurisdictional inquiry [must be] satisfied"). Here, exercising personal jurisdiction over Defendants does not comport with due process. That alone compels dismissal, but the long-arm statute does not authorize jurisdiction, either.

**B.     Exercising Jurisdiction Does Not Comport With Due Process**

The exercise of personal jurisdiction over Eric Kripke, SPE, and NBCU (and SPT) would violate due process, which requires that a non-resident defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See Burger King v. Rudzewicz*, 471 U.S. 462, 425 (1985); *Int'l Shoe*, 326 U.S. at 316. The due process requirements are not met here either for "general or all-purpose jurisdiction" or "specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

3

### 1.   Defendants Are Not Subject to General Jurisdiction Here

Plaintiff does not allege and cannot show that any of the Defendants are subject to general jurisdiction in Georgia. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is . . . the place of incorporation [and/or] principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The Complaint negates general jurisdiction by alleging, correctly, that Mr. Kripke is a California resident (Compl. ¶28), SPE is a Delaware corporation with its principal place of business in California, as is SPT (*id.* ¶¶22, 24), and NBCU is a Delaware entity with its principal place of business in New York (*id.* ¶26). *See* Kripke Decl. ¶2; SPE Decl. ¶3; NBCU Decl. ¶4.[2]

### 2.   Defendants Are Not Subject to Specific Jurisdiction Here

The Complaint does not allege any acts by SPE or NBCU relating to *Timeless*, let alone any such acts connected to Georgia. Nor does the Complaint allege that the claim arose out of or relates to any contacts Mr. Kripke had with Georgia. Plaintiff cannot establish that any of the Defendants is subject to specific jurisdiction here.

---

[2] The Declarations submitted in support of Defendants' Motions are cited herein as follows: Declaration of Eric E. Kripke ("Kripke Decl."); Declaration of Kathleen Hallinan ("SPE Decl."); Declaration of Gabriela Kornzweig ("NBCU Decl."); Declaration of Edward Lammi ("Lammi Decl."); Declaration of Karen Tatevosian ("Tatevosian Decl."); and Declaration of Marissa B. Lewis ("Lewis Decl.").

Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy (*i.e.*, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *Walden*, 571 U.S. at 283 n.6 (quotations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284. Courts conduct a three-part inquiry: (1) "whether the plaintiffs have established that their claims 'arise out of or relate to' at least one of the defendant's contacts with the forum"; (2) "whether the plaintiffs have demonstrated that the defendant 'purposefully availed' itself of the privilege of conducting activities within the forum state"; and (3) "[i]f the plaintiffs carry their burden of establishing the first two prongs, . . . whether the defendant has 'ma[de] a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1313 (11th Cir. 2018). Plaintiff must establish specific jurisdiction as to each Defendant. *See Calder v. Jones*, 465 U.S. 783, 790 (1984).

Plaintiff's attempt to sue Defendants in Georgia fails at the start because Plaintiff does not allege, and cannot establish, that his claim "arises out of or relates to" the Georgia contacts of each Defendant. Indeed, Plaintiff does not allege ***any*** contacts between any Defendants and Georgia that gave rise to his infringement

5

claim regarding *Timeless*.[3] Nor could he. SPE and NBCU did not produce *Timeless*. *See* SPE ¶6; NBCU Decl. ¶3. While Mr. Kripke was involved in creating and developing *Timeless*, those activities occurred entirely outside of Georgia and were not purposefully directed to Georgia residents. *See* Kripke Decl. ¶¶8-9.

Nationwide broadcasting of a work is insufficient to confer personal jurisdiction in all fifty states.[4] In any event, none of the Defendants broadcast *Timeless*. *See* Kripke Decl. ¶10; SPE Decl. ¶6; NBCU Decl. ¶3. Although NBCU is the corporate parent of the NBC network that did (along with numerous other entities) (*id.* ¶6; Tatevosian Decl. ¶3), "[i]t is well established that as long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other." *AFC Enters., Inc. v. Hearst Corp.*, 2012 WL 13014021, at *5 (N.D. Ga. Sept. 10, 2012); *see also Walden*, 571 U.S. at

---

[3] *Cf.* Compl. ¶15 (alleging Defendants sell, produce, and promote "films and television series" to Georgia residents, without mentioning *Timeless*); *id.* ¶16 (alleging NBCU "operates content studios" in Georgia, without alleging, for example, *Timeless* was produced there).

[4] Even in cases (unlike this one) where the "defendant [was] involved in [the] broadcast," courts have held "mere nationwide broadcast" of a television show to be insufficient for personal jurisdiction. *See Thoroughbred Legends, LLC v. Walt Disney Co.*, 2007 WL 9702282, at *7 n.4 (N.D. Ga. Dec. 4, 2007) (collecting cases); *Hand v. Wholesale Auto Shop, LLC*, 2018 WL 305818, at *3 (N.D. Ala. Jan. 5, 2018) (no personal jurisdiction over publisher of "[n]ational advertisements that [did] not target a specific state"); *Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 772-73 (N.D. Tex. 2007) (no personal jurisdiction over host of television show which "was not directed at viewers . . . in Texas, but was broadcast nationwide"). To hold otherwise would conflict with the Supreme Court's *Walden* decision. *See Tolbert v. High Noon Prods., LLC*, 2019 WL 6311433, at *6 (N.D. Ala. Nov. 25, 2019) (discussing *Walden*, 571 U.S. at 289).

284-85 (due process requires that for specific jurisdiction, the claim "must arise out of contacts that the 'defendant *himself*' creates with the forum State"). For producers like Mr. Kripke (and SPT), the "nationwide nature of the broadcast and the involvement of an intermediary distributor create a double layer of attenuation." *Tolbert*, 2019 WL 6311433, at *7 ("High Noon's sale of *Good Bones* to Discovery for nationwide distribution lacks any purposeful direction towards Alabama specifically."); *see also Madara v. Hall*, 916 F.2d 1510, 1519 (11th Cir. 1990) (no personal jurisdiction over interviewee who had no control over distribution of interview); *McAlister v. Walt Disney Co.*, 2007 WL 9717536, at *4 (S.D. Ala. Nov. 2, 2007) (defendant's "licensing of the screenplay and purported awareness that the film would eventually enter the forum state do not suffice to subject [defendant] to this court's jurisdiction without some purposeful act").

Plaintiff has not alleged and cannot establish that Defendants have purposefully directed activities to Georgia or purposefully availed themselves of conducting activities within Georgia, and that his claim arises out of or relates to Defendants' contacts with Georgia. No specific jurisdiction exists.

### C.   Personal Jurisdiction Is Not Authorized by the Long-Arm Statute

Exercising personal jurisdiction would also violate Georgia's long-arm statute, which provides a separate basis for dismissal.

Georgia's long-arm statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." *Diamond*, 593 F.3d at 1259. The statute provides, in relevant part:

> A court of this state may exercise personal jurisdiction over any nonresident . . . , as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she: . . .
>
> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;
>
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state[.]

O.C.G.A. § 9-10-91(1)-(3). "To satisfy the Georgia long-arm statute, the plaintiff must show that personal jurisdiction is permitted under one of the express statutory bases, interpreted and applied literally." *Davis v. LG Chem, Ltd.*, 2020 WL 5773462, at *3 (N.D. Ga. Sept. 28, 2020) (Grimberg, J.); *see Diamond*, 593 F.3d at 1259 (long-arm statute "must be read literally").

None of these subsections applies. Under subsection (1), "the narrow question is 'whether [the defendant] transacted any business in Georgia in a matter that gave

rise to [the plaintiff's] cause of action.'" *Kason Indus., Inc. v. Dent Design Hardware, Ltd.*, 952 F. Supp. 2d 1334, 1344-49 (N.D. Ga. 2013) (quoting *Diamond*, 593 F.3d at 1264). A plaintiff cannot meet his pleading burden by "lump[ing] together all three Defendants" and "alleg[ing] generally that ['Defendants' are] doing business in Georgia." *AFC*, 2012 WL 13014021, at *4. That is all Plaintiff has done here. *See* Compl. ¶15. In any event, subsection (1) does not apply because Defendants have not "engaged in any transactions within Georgia" that gave rise to Plaintiff's claim relating to *Timeless*. *Davis*, 2020 WL 5773462, at *4. *See* Kripke Decl. ¶¶8-9; SPE Decl. ¶6; NBCU Decl. ¶3.

Subsections (2) and (3) require, among other things, a "tortious act." Plaintiff does not allege facts that SPE or NBCU engaged in any tortious act relating to *Timeless*, and cannot do so. SPE Decl. ¶6; NBCU Decl. ¶3. Thus, neither prong can be satisfied for SPE and NBCU. *See James River Inc. Co. v. Kannon & Kannon Ins., Inc.*, 2010 WL 4704773, at *3 (S.D. Ga. Nov. 12, 2010) (Georgia courts applying the long-arm statute "require[]" that the claim "arise [] from or [be] connected with the act or transaction") (collecting cases).

Plaintiff has not met subsections (2) and (3) with regard to Mr. Kripke, either. Subsection (2) is inapplicable because Plaintiff does not allege Mr. Kripke committed a tort "within this state" giving rise to Plaintiff's claim. Mr. Kripke's (and

SPT's) production activities relating to *Timeless* took place entirely outside of Georgia. Kripke Decl. ¶¶8-9. *See Thoroughbred*, 2007 WL 9702282, at *7 (subsection (2) inapplicable, as defendants' "production activities took place entirely outside Georgia"); *3Q Techs., Ltd. v. Canfield Scientific, Inc.*, 2006 WL 1455663, at *6 (N.D. Ga. May 16, 2006) (same, where defendant designed and developed allegedly infringing software outside Georgia). Subsection (3) is inapplicable because neither Mr. Kripke nor his production company, Kripke Enterprises, has the requisite "regular," "persistent," or "substantial" contacts with Georgia. *Diamond*, 593 F.3d at 1264. *See* Kripke Decl. ¶¶2-7; *Thoroughbred,* 2007 WL 9702282, at *7 (no jurisdiction under subsection (3) given "the limited nature of [defendant's] interactions with Georgia," including "optioning rights for feature films from Georgia residents" and "conducting business with a [] producer in [Georgia]"); *Kason Indus.*, 952 F. Supp. 2d at 1348 (same, where defendant derived only a "small amount of revenue . . . from Georgia" relative to its overall sales); *Askue v. Aurora Corp. of Am.*, 2012 WL 843939, at *4 (N.D. Ga. Mar. 12, 2012) (same, despite plaintiff's conclusory allegations to the contrary). For this additional independent reason, Defendants' Motion under Rule 12(b)(2) should be granted.

## III.   THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(3) BECAUSE THIS DISTRICT IS NOT A PROPER VENUE

Venue is improper as well. "[T]he proper venue for copyright infringement suits is determined by . . . 28 U.S.C. § 1400(a), not the general provision governing suits in federal district courts," 28 U.S.C. § 1391. *Home Legend, LLC v. Mannington Mills, Inc.*, 2014 WL 12489761, at *10 (N.D. Ga. July 2, 2014); *Foxworthy v. Custom Tees, Inc.*, 879 F. Supp. 1200, 1207 (N.D. Ga. 1995). Section 1400(a) provides that a copyright action may be instituted in the district in which the defendant "may be found"—*i.e.*, where the defendant is subject to personal jurisdiction. *Palmer v. Braun*, 376 F.3d 1254, 1259-60 (11th Cir. 2004). This Court "lacks personal jurisdiction over" Defendants, and "[c]onsequently, venue is not proper." *Home Legend*, 2014 WL 12489761, at *10.

## IV.   THE COMPLAINT SHOULD BE DISMISSED UNDER 12(b)(6) FOR FAILURE TO STATE A CLAIM

The Complaint also fails to state a claim for relief. It should be dismissed with prejudice because Plaintiff cannot state a claim for copyright infringement, as a matter of law.

As an initial matter, the claim against SPE and NBCU fails because the Complaint contains no factual content that would "allow[] the court to draw the reasonable inference that [these entities are] liable for" engaging in any acts of alleged infringement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). None of the

allegations referring to SPE and NBCU contain any facts showing that these entities infringed the copyrights in any of Plaintiff's three books ("Books"). *See* Compl. ¶¶16-19, 23-27, 34, 45. *See Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*, 2019 WL 3716775, at *2 (S.D. Fla. Aug. 7, 2019) (plaintiff failed to "identify the acts through which [defendants] each allegedly infringed" and "confusingly conflate[d] the two defendants"); *Sater Grp., Inc. v. Jack Bartlett Custom Homes Creations, Inc.*, 2007 WL 121218, at *3 (M.D. Fla. Jan. 11, 2007).

Plaintiff has also failed to plead facts showing that Defendants had access to his Books before the creation of *Timeless*. Plaintiff proffers various hypotheses by which Mr. Kripke might have obtained copies of Plaintiff's Books. However, "'[a]ccess may not be inferred through mere speculation or conjecture,'" and "an inference of access based on a third party's possession of the plaintiff's work requires 'more than a mere allegation that someone known to the defendant possessed the work in question.'" *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1250, 52 (11th Cir. 1999). Here, Plaintiff does not even allege that someone known to Mr. Kripke possessed Plaintiff's Books. Rather, Plaintiff alleges that Mr. Kripke might have gotten them from Matt Whitney and/or Anne Cofell Saunders, who might have gotten one of the Books from an unidentified person at Fake Empire, who might have gotten it from an unidentified person at "Universal Pictures," who

allegedly requested Plaintiff's permission to show a copy of *Shift* as part of a set on an unrelated motion picture. Compl. ¶¶34-38, 55, 66. Alternatively, Plaintiff alleges that a producer named Mike Richardson received copies of the Books, but does not allege that Mr. Richardson actually knows Mr. Kripke. *Id.* ¶59. Plaintiff has failed to allege the requisite "nexus" showing that Mr. Kripke had a reasonable opportunity to read Plaintiff's Books prior to creating *Timeless. See Cynthia Clay v. Cameron*, 2012 WL 13008429, at *2-3 (S.D. Fla. Apr. 6, 2012) (complaint dismissed where plaintiff failed to allege "nexus" between general circulation or Internet availability of her work and defendant); *see also Watt v. Butler*, 457 F. App'x 856, 859-60 (11th Cir. 2012) ("mere speculation and conjecture" of access, "considering the population of the Southeastern United States, . . . compared to the [12,000 to 15,000] copies" of plaintiff's works handed out in the area).

More fundamentally, Plaintiff does not and cannot state a claim for copyright infringement against any Defendants. As set forth in SPT's Motion, and as established by the copies of the respective works attached thereto, which are incorporated herein, Plaintiff's claim fails as a matter of law because "no reasonable jury could find [the works] substantially similar at the level of protected expression," and indeed, any alleged "similarity between the two works concerns only non-copyrightable elements." *Home Design Servs., Inc. v. Turner Heritage Homes Inc*.,

825 F.3d 1314, 1322, 1325 (11th Cir. 2016). Plaintiff essentially seeks a monopoly over the general ideas of time travel, a character affiliated in some way with the military, a historian of some kind, an African-American character, and assassins. Such concepts are not copyrightable, however, and the works show that the particular expression of any common ideas "differs greatly." *Herzog*, 193 F.3d at 1258-59.

## V.   ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA

The outright dismissal of this action is appropriate for the myriad reasons discussed above. However, in the alternative, and at a minimum, the Court should transfer this action in the interests of justice and convenience to the Central District of California, where it could have and should have been brought originally.

### A.   <u>This Action "Might Have Been Brought" in California</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The first step under Section 1404(a) is to determine "whether the present action could have been brought" in the proposed transferee forum. *Internap Corp. v. Noction Inc.*, 114 F. Supp. 3d 1336, 1339 (N.D. Ga. 2015).

This action clearly "might have been brought" in the Central District of California. To meet this threshold, "the court must have subject matter jurisdiction, have personal jurisdiction over the defendant, and provide a proper venue." *Great N. Ins. Co. v. Emerson Elec. Co.*, 2012 WL 12875512, at *1 (N.D. Ga. Oct. 25, 2012). The Central District of California would have subject matter jurisdiction over this copyright infringement action. *See* Compl. ¶14 ("district courts [have] original jurisdiction over copyright matters"); 28 U.S.C. § 1331; 28 U.S.C. § 1338(a). Moreover, unlike Georgia, California has personal jurisdiction over all Defendants, where each resides, has a principal place of business, and/or may be served in this case. *See* Kripke Decl. ¶2; SPE Decl. ¶3; Lammi Decl. ¶3. *See, e.g.*, *Davis v. Metro Goldwyn Mayers Pictures*, 2007 WL 951754, at *2 (M.D. Ala. Mar. 27, 2007) (granting transfer; action "might have been brought" in Central District of California since defendants "all either reside, have a principal place of business, or may be served there"). Finally, unlike this District, the Central District of California is the proper venue, which is coextensive with personal jurisdiction. *See* 28 U.S.C. § 1400(a); *Home Legend*, 2014 WL 12489761, at *10.

### B.      The Balance of Convenience and Justice Strongly Favors Transfer

The balance of the Section 1404(a) convenience factors weighs heavily in favor of transferring this action to the Central District of California. In considering

whether "the convenience of parties and witnesses" and "the interest of justice" favor

transfer, courts in this Circuit consider nine factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). District

courts have "considerable discretion" in deciding a transfer motion. *Internap*, 114 F.

Supp. 3d at 1339. Although the party seeking transfer bears the burden of

establishing that transfer is appropriate, "the proof a movant offers in support of a

motion to transfer need not be overwhelming." *Phigenix, Inc. v. Genentech, Inc.*,

2015 WL 10910488, at *6 (N.D. Ga. Mar. 12, 2015) (quotation omitted). A motion

to transfer should be granted where "the balance of interests" favors transfer. *Id.*;

*accord Nam v. U.S. Xpress, Inc.*, 2011 WL 1598835, at *7 (N.D. Ga. Apr. 27, 2011)

("The burden is on [the movant] to show that the balance of conveniences weighs in

favor of the transfer."). That is the case here.

### 1.   The Convenience of the Witnesses Favors Transfer

"The convenience of the witnesses is of great importance to the decision to

transfer venue from one forum to another." *Ramsey v. Fox News Network, LLC*, 323

F. Supp. 2d 1352, 1356 (N.D. Ga. 2004). "Although the convenience of party witnesses is relevant, the critical determination under this factor is the convenience of the forum to key non-party witnesses." *Nam*, 2011 WL 1598835, at *7.

The overwhelming majority of key non-party and party witnesses are located in California, not Georgia. The key witnesses in this case are those who have information about the creation of *Timeless*, which was created independently of Plaintiff's Books. *See Ramsey*, 323 F. Supp. 2d at 1357 ("key witnesses are those which have information regarding the liability of Defendant"); *see also Benson v. Coca-Cola Co.*, 795 F.2d 973, 975 (11th Cir. 1986) (testimony of writers of allegedly infringing song concerning independent creation negated infringement claim).

Mr. Kripke has identified multiple non-party witnesses whose trial testimony will be important to show that *Timeless* was independently created, and who are in located in the Central District of California. These include Shawn Ryan, who co-created *Timeless*, and employees of the production company he heads, MiddKid Productions, who worked with Mr. Kripke and Kripke Enterprises on *Timeless*. *See* Kripke Decl. ¶12. The writers who worked on the series worked primarily in Los Angeles, California. *Id.* ¶13; Lammi ¶5. *Timeless* was also produced by Davis Entertainment, whose employees are also located in the Los Angeles area. *See* Kripke Decl. ¶14.

17

In addition, Defendants and their witnesses are located primarily in the Los Angeles area, including Mr. Kripke and employees of Kripke Enterprises and SPT. *See* Kripke Decl. ¶¶2, 5, 18; Lammi Decl. ¶3; SPE Decl. ¶7.

Most of the other individuals that Plaintiff has identified in the Complaint also appear to be located in Los Angeles area. As discussed above, Plaintiff alleges Mr. Kripke might have obtained copies of Plaintiff's Books via hypothetical transmittals involving various individuals, some unnamed. In fact, Mr. Kripke did not receive copies of Plaintiff's Books from anyone and had no knowledge about them before Plaintiff's claim, so the third parties identified by Plaintiff will not have information regarding his purported liability. *See* Kripke Decl. ¶¶15-17. In any event, most of those third parties are not based in Georgia, but in California. As stated, Plaintiff conjectures that an unnamed person from "Universal Pictures" might have given a copy of Plaintiff's first Book *Shift* to an unnamed person from Fake Empire, who might have given it to Matt Whitney and/or Anne Cofell Saunders because they previously worked on unrelated television productions with Fake Empire. Compl. ¶¶38, 40, 66. While these bald speculations of hypothetical transmittals are baseless, Mr. Whitney, Ms. Saunders, Fake Empire, and Universal Pictures are based in the Los Angeles area, not Georgia. *See* Kripke Decl. ¶16; Lewis Decl. Ex. A; NBCU Decl. ¶6. As for Mike Richardson, Mr. Kripke does not even know him (Kripke

Decl. ¶17), but at any rate, Mr. Richardson's work appears to be based in the Los Angeles area. *See* Lewis Decl. Ex. B. Plaintiff alleges that Mr. Richardson was interested in producing Plaintiff's Books and received them from Joel Wilsford and Adam Bret, whom Plaintiff hired, the latter to "use his connections in the greater Los Angeles area." Compl. ¶¶57-58. As Mr. Kripke never received any of Plaintiff's Books from Mr. Richardson, whom Mr. Kripke does not know, Messrs. Wilsford and Bret are unlikely to have relevant information for Plaintiff's case. *See* Kripke Decl. ¶16. In any event, the Complaint does not indicate that either resides in Georgia, and even if they did, their convenience does not materially affect this factor, as the great majority of witnesses are located in the Central District of California.

## 2. The Ability to Compel Witness Attendance Favors Transfer

The court's "ability to use compulsory process to obtain live testimony of key witnesses . . . is an important factor." *Great N. Ins.*, 2012 WL 12875512, at \*3. "[T]o fix the place of trial at a point where the litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to [a] court, jury or most litigants." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947) (discussion relates to forum *non conveniens*, which was superseded by § 1404(a) as method to transfer).

This District has no ability to compel the attendance of Defendants' non-party witnesses at trial from clear across the country (*see* Fed. R. Civ. P. 45(c)(1)(A) (subpoena power limited to 100 miles)), thus potentially "prohibiting a jury from being able to hear and evaluate the testimony of key witnesses in this action." *Fireman's Fund Ins. Co. v. Comtran Grp., Inc.*, 2013 WL 12064285, at *3 n.5 (N.D. Ga. Oct. 7, 2013). Because the Central District of California can compel such witnesses to attend and this District cannot, transfer is particularly appropriate. *See, id.* (finding this factor "strongly favor[s] transfer" where witnesses were "over 250 miles" away in Savannah, Georgia); *Great N. Ins.*, 2012 WL 12875512, at *3 (same, where "witnesses appear[ed] to be within the subpoena power of [the transferee forum], rather than this district," despite lack of "proof that [such] witnesses are unwilling to travel to this district"); *Davis,* 2007 WL 951754, at *2 (same, where it was "unclear" whether "witnesses [would] be subject to compulsory process in the [forum]," but it was "certain that most of the defendants' witnesses [would] be subject to compulsory process in the Central District of California").

### 3.    The Locus of Operative Facts Favors Transfer

In an intellectual property infringement case, the locus of operative facts is where "the allegedly infringing product was [created], developed, and produced." *Seal Shield, LLC v. Otter Prods., LLC*, 2013 WL 6017330, at *3 (M.D. Fla. Nov. 13,

2013) (quotation omitted); *accord Tianhai Lace USA Inc. v. Forever 21, Inc.*, 2017 WL 4712632, at **4-5 (S.D.N.Y. Sept. 27, 2017) (courts have "repeatedly stated" that, in "a copyright case, the [locus of] operative facts 'usually relate[s] to the design, development and production of an infringing product'"); *The Paradies Shops, LLC v. S.A.S. Jean Cassegrain & Longchamp USA, Inc.*, 2013 WL 12098826, at *4 (N.D. Ga. Feb. 25, 2013) ("locus of operative facts in a trademark infringement action is often the headquarters of the allegedly infringing entity, where design and development of the product at issue took place").

Here, the operative facts primarily occurred in the Los Angeles area, where *Timeless* was created and developed,[5] primarily by California-based entities and individuals. *See* Kripke Decl. ¶¶8, 11-14; Lammi Decl. ¶¶5-7. *Timeless* was not created or developed in Georgia, nor was it filmed there. *See* Kripke Decl. ¶¶8-9; Lammi Decl. ¶5.[6] The locus of operative facts points decidedly in favor of transfer. *See, e.g.*, *Seal Shield*, 2013 WL 6017330, at *3 (this factor favored transfer where

---

[5] *Timeless* was filmed in Vancouver, British Columbia, Canada (first season) and in the Los Angeles area (second season and finale). *See* Kripke Decl. ¶8.

[6] Although *Timeless* was broadcast nationwide, evidence that is "nationwide in scope . . . does not establish a locus of facts in any particular forum." *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1329 (M.D. Fla. Nov. 3, 2010); *see also, e.g.*, *Griffin Capital Co. v. Essential Props. Realty Trust, Inc.*, 2019 WL 5586547, at *7 (N.D. Ga. Jan. 18, 2019) (finding New Jersey is the locus of operative facts where defendant adopted the allegedly infringing trademark in New Jersey and used it nationwide) (collecting similar cases).

"[n]early all of the operative facts concerning [defendant's] 'creation, development, marketing, and use of its [allegedly infringing] mark' occurred in California").

### 4.    Plaintiff's Choice of Forum Is Entitled to Little Weight

While "a plaintiff's choice of forum is generally entitled to deference, that deference is substantially reduced where, as here, the chosen forum lacks any connection to the claims asserted in the complaint." *Pillon Comms., Inc. v. Faircloth Homes, Inc.*, 2009 WL 10672532, at *4 (N.D. Ga. Dec. 17, 2009). "[M]ultiple district courts within the Eleventh Circuit have found, and this Court agrees, that Plaintiff's choice of forum should be entitled to less weight where the locus of operative facts is outside of the chosen forum." *Internap*, 114 F. Supp. 3d at 1342.

As discussed, none of the facts underlying Plaintiff's infringement claim occurred in this District. Instead, the center of gravity in this case is Southern California, where *Timeless* was created. Plaintiff acknowledges Mr. Kripke, SPT, and SPE are located in California and thus allegedly conducted any relevant activities there. Compl. ¶¶ 22, 24, 28. Because Plaintiff chose to sue in a forum that has no connection to his claim, that choice is entitled to little to no weight. *See, e.g.*, *Griffin*, 2019 WL 5586547, at *3 (giving "little weight" to plaintiff's choice where forum had "little to do with [his] allegations"); *Great N. Ins.*, 2012 WL 12875512, at *4 (same, where "the majority of the operative events occurred elsewhere").

22

**5.    Trial Efficiency and the Interests of Justice Favor Transfer**

The interests of trial efficiency and justice would be served by transferring this action to the Central District of California, which, unlike this District, unquestionably would have personal jurisdiction over all or most Defendants, is a proper venue, and has the power to compel the attendance of key non-party witnesses. *See AFC*, 2012 WL 13014021, at *8 ("Given the judicial system's great concern with the efficient conduct of complex litigation, an important consideration in deciding appropriate venue is whether a forum can meet the personal jurisdiction and venue requirements for most or all of the defendants in a multi-party lawsuit.").

Moreover, the fact that the proposed transfer would moot the various issues of personal jurisdiction and venue raised by Defendants herein is a particularly "important consideration." *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1358 (11th Cir. 1990). "Courts have repeatedly held that a change of venue from a forum where there is a difficult question of personal jurisdiction or venue to a district where there are not such uncertainties serves the interest of justice." *Multistate Legal Studies, Inc. v. Marino*, 1996 WL 786124, at *11 (C.D. Cal. Nov. 4, 1996) (collecting cases); *see, e.g.*, *Davis*, 2007 WL 951754, at *3 (finding this factor favors transfer where "the propriety of personal jurisdiction for the vast majority of defendants in this court [was] questionable"). This factor strongly supports transfer.

23

### 6.    The Convenience of the Parties Favors Transfer

The *only* party for whom this forum is convenient is Plaintiff. The named Defendants are located in California and/or prefer to litigate this dispute there. Further, Defendants have few, if any, contacts in Georgia. *See* Kripke Decl. ¶¶2-3; Lammi Decl. ¶¶3-4; SPE Decl. ¶¶3-4; NBCU Decl. ¶¶3-4. Because a majority of the parties in this case will be inconvenienced if this action were to proceed in this District, this factor also supports transfer.

### 7.    The Remaining Factors Favor Transfer or Are Neutral

The remaining factors either favor transfer or are neutral. Nearly all relevant documents, including documents in paper and electronic form regarding the creation of *Timeless*, are in Los Angeles. *See* Kripke Decl. ¶¶11-12; SPE Decl. ¶8; Lammi Decl. ¶7. While this factor is less important with electronic documents, it tips the balance further toward transfer. *See, e.g.*, *Seal Shield*, 2013 WL 6017330, at *3 (this factor favored transfer where "nearly all" relevant evidence was "located at [defendant's] headquarters in San Diego"); *Davis*, 2007 WL 951754, at *3 (same, where "it seem[ed] evident that many more documents [were] located in California"). This Court and the Central District of California are equally familiar with copyright law, so this factor is neutral. Finally, the "financial positions of the parties . . . alone cannot defeat transfer where, as here, the bulk of the other relevant

factors clearly favor transfer." *Nam*, 2011 WL 1598835, at *10 (quotation omitted).[7]

In sum, besides Plaintiff's residence, there is nothing that ties this action to the Northern District of Georgia. *Timeless* was created in California by California-based entities and individuals, and virtually all of the parties, potential witnesses, and relevant documents are located in California. The balance of convenience and justice militates strongly in favor of transfer of this action.

## VI.   CONCLUSION

The Court should dismiss the Complaint under Rule 12(b)(6) with prejudice or dismiss the Complaint for lack of personal jurisdiction and improper venue under Rule 12(b)(2) or (3). If the Court does not dismiss this action in its entirety, it should transfer the action to the Central District of California.

Respectfully submitted, October 16, 2020.

**HOLLAND & KNIGHT LLP**

*/s/ Caroline Johnson Tanner*
Caroline Johnson Tanner
Georgia Bar No. 392580
One Regions Plaza, Suite 1800
1180 West Peachtree Street, N.W.
Atlanta, GA 30309-3407
(404) 817-8500; (404) 881-0470 (Fax)
caroline.tanner@hklaw.com
*Attorneys for Defendants*

---

[7] Plaintiff's counsel maintains an office in Los Angeles (Lewis Decl. Ex. C), and therefore, Plaintiff would not need to engage separate local counsel in California.

## **LR 7.1(D) FONT COMPLIANCE CERTIFICATION**

The undersigned counsel for Defendants Sony Pictures Entertainment Inc., Sony Pictures Television Inc., NBCUniversal Media, LLC, and Eric E. Kripke (erroneously sued as dba Kripke Enterprises) hereby certifies that the within and foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

This 16th day of October, 2020.

**HOLLAND & KNIGHT LLP**

*/s/ Caroline Johnson Tanner*
Caroline Johnson Tanner
Georgia Bar No. 392580
One Regions Plaza, Suite 1800
1180 West Peachtree Street, N.W.
Atlanta, GA 30309-3407
(404) 817-8500
(404) 881-0470 (Fax)
caroline.tanner@hklaw.com

*Attorneys for Defendants Sony Pictures Entertainment Inc., Sony Pictures Television Inc., NBCUniversal Media, LLC, and Eric E. Kripke*

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day a true and correct copy of the foregoing *MOTION AND BRIEF IN SUPPORT OF MOTION OF DEFENDANTS ERIC E. KRIPKE (ERRONEOUSLY SUED AS DBA KRIPKE ENTERPRISES), SONY PICTURES ENTERTAINMENT INC., AND NBCUNIVERSAL MEDIA, LLC TO DISMISS THE COMPLAINT UNDER FRCP 12(b)(2), (3), AND (6), OR ALTERNATIVELY, TO TRANSFER THE ACTION PURSUANT TO 28 U.S.C. § 1404(a)* has been filed via the Court's CM/ECF electronic service and served via the ECF system to all attorneys of record.

This 16th day of October, 2020.

**HOLLAND & KNIGHT LLP**

*/s/ Caroline Johnson Tanner*
Caroline Johnson Tanner
Georgia Bar No. 392580

2