# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

## CASE NO.: 1:20-cv-03616-SDG

BRYAN ZACK MASON,

        Plaintiff,

v.

SONY PICTURES
ENTERTAINMENT INC., SONY
PICTURES TELEVISION INC.,
NBCUNIVERSAL MEDIA, LLC,
AND ERIC E. KRIPKE dba KRIPKE
ENTERPRISES,

        Defendants.

## MOTION AND BRIEF IN SUPPORT OF MOTION OF DEFENDANT SONY PICTURES TELEVISION INC. TO DISMISS THE AMENDED COMPLAINT UNDER FRCP 12(b)(2), (3), AND (6), OR ALTERNATIVELY, TO TRANSFER THE ACTION PURSUANT TO 28 U.S.C. § 1404(a)

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................ 1

II.   THE COMPLAINT AS TO SPT SHOULD BE DISMISSED FOR
      LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE........ 2

III.  THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE
      FOR FAILURE TO STATE A CLAIM ........................................................ 3

      A.    Plaintiff's Complaint and Works Incorporated Therein ...................... 5

            1.    *Timeless* ........................................................................5

            2.    Plaintiff's Three Books *Shift*, *Chase*, and *Turn* ..........................9

      B.    Plaintiff Cannot State a Claim for Relief ........................................... 12

IV.   ALTERNATIVELY, THE ACTION SHOULD BE TRANSFERRED ...... 25

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anderson v. Paramount Pictures Corp.*,
617 F. Supp. 1 (C.D. Cal. 1985) .........................................................................12

*Arden v. Columbia Pictures Indus., Inc.*,
908 F. Supp. 1248 (S.D.N.Y. 1995) ...................................................................16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................3, 4

*Basile v. Sony Pictures Entm't Inc.*,
2014 WL 12521344 (C.D. Cal. Aug. 19, 2014), *aff'd*, 678 F. App'x
473 (9th Cir. 2017)...............................................................................13

*Beal v. Paramount Pictures Corp.*,
20 F.3d 454 (11th Cir. 1994) .................................................................*passim*

*Cynthia Clay v. Cameron*,
2012 WL 13008429 (S.D. Fla. Apr. 6, 2012) ....................................................12

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)................................................................................2

*Davis v. Am. Broad. Cos., Inc.*,
2010 WL 2998476 (W.D. Mich. July 28, 2010)..................................................13

*Day v. Taylor*,
400 F.3d 1272 (11th Cir. 2005) ............................................................3

*Evans v. Wallace Berrie & Co.*,
681 F. Supp. 813 (S.D. Fla. 1988) .........................................................12

*Feldman v. Twentieth Century Fox Film Corp.*,
723 F. Supp. 2d 357 (D. Mass. 2010)....................................................20

*Flaherty v. Filardi,*
  2009 WL 749570 (S.D.N.Y. Mar. 20, 2009), *aff'd*, 460 F. App'x
  66 (2d Cir. 2012) .................................................................................. 15

*Foxworthy v. Custom Tees, Inc.*,
  879 F. Supp. 1200 (N.D. Ga. 1995) ...................................................... 3

*Herzog v. Castle Rock Entm't,*
  193 F.3d 1241 (11th Cir. 1999) ................................................... *passim*

*Home Design Servs., Inc. v. Turner Heritage Homes Inc.*,
  825 F.3d 1314 (11th Cir. 2016) .......................................................... 12

*Horsley v. Feldt,*
  304 F.3d 1125 (11th Cir. 2002) ............................................................ 3

*Leigh v. Warner Bros.*,
  212 F.3d 1210 (11th Cir. 2000) ............................................................ 4

*Marquardt v. King,*
  2011 WL 5042054 (N.D. Ga. Aug. 10, 2011) ............................... 5, 20

*McAlister v. Walt Disney Co.*,
  2007 WL 9717536 (S.D. Ala. Nov. 2, 2007) ......................................... 2

*Nelson v. PRN Prods., Inc.*,
  873 F.2d 1141 (8th Cir. 1989) .............................................................. 5

*Olson v. Nat'l Broad. Co.*,
  855 F.2d 1446 (9th Cir. 1988) ............................................................ 13

*Peter F. Gaito Arch., LLC v. Simone Dev. Corp.*,
  602 F.3d 57 (2d Cir. 2010) ................................................................... 5

*Peters v. West*,
  692 F.3d 629 (7th Cir. 2012) ................................................................ 5

*Rentmeester v. Nike, Inc.*,
  883 F.3d 1111 (9th Cir. 2018), *overruled on other grounds by
  Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) ............. 5, 12

*Sieger Suarez Arch. P'ship, Inc. v. Arquitectonica Int'l Corp.*,
    998 F. Supp. 2d 1340 (S.D. Fla. 2014) .............................................................4, 5

*Silas v. Home Box Office, Inc.*,
    713 F. App'x 626 (9th Cir. 2018) .........................................................................5

*Singleton v. Dean*,
    611 F. App'x 671 (11th Cir. 2015) .......................................................................4

*Tanksley v. Daniels*,
    902 F.3d 165 (3d Cir. 2018) ................................................................................5

*Tolbert v. High Noon Prods., LLC*,
    2019 WL 6311433 (N.D. Ala. Nov. 25, 2019) ....................................................3

*Watt v. Butler*,
    457 F. App'x 856 (11th Cir. 2012) .....................................................................12

## STATUTES

28 U.S.C. § 1400(a) ......................................................................................................3

28 U.S.C. § 1404(a) ......................................................................................................3

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(2) ................................................................................................3

Fed. R. Civ. P. 12(b)(3) ................................................................................................3

Fed. R. Civ. P. 12(b)(6) .............................................................................................4, 5

## I.     INTRODUCTION

In this action, Plaintiff Bryan Zack Mason claims that the television series *Timeless* infringes his three books. The Complaint, as amended, should be dismissed because personal jurisdiction is lacking over Sony Pictures Television Inc. ("SPT") (and the other Defendants) in Georgia, and venue is also improper.

Moreover, the Complaint fails to state a claim for copyright infringement, because *Timeless* is not substantially similar to Plaintiff's books in protected expression, as a matter of law. The works are substantially different, even in their basic concepts: *Timeless* is about stopping a longstanding, secret cabal from altering major historical events to destroy American democracy, whereas Plaintiff's books are about a man who comes to accept God and the fact he cannot change the past to save his children, and battles a foe with a personal vendetta. The Complaint distorts and abstracts the works to a high level of generality, but copyright does not grant a monopoly over such generalities as a team of three traveling through time fighting assassins. The works are exceedingly dissimilar in any protected elements of their characters, themes, plots, sequences of events, settings, moods, and pace.

Alternatively, SPT respectfully moves the Court to transfer the action to the Central District of California—the locus of the operative facts, where personal jurisdiction exists over Defendants, and where the overwhelming majority of the

non-party and party witnesses are located and subject to a trial subpoena.

## II. THE COMPLAINT AS TO SPT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

The exercise of personal jurisdiction over SPT in Georgia would not comport with federal due process.[1] SPT is not subject to general jurisdiction in Georgia: As Plaintiff alleges, SPT is a Delaware corporation with its principal place of business in California (¶38).[2] *See* Lammi Decl. ¶¶3-4; *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Nor is SPT subject to specific jurisdiction here: Plaintiff does not allege any acts by SPT, let alone acts connected to Georgia that gave rise to his infringement claim. In fact, SPT's activities relating to *Timeless* occurred outside of Georgia and were not purposefully directed to Georgia. *See* Lammi Decl. ¶¶5-6. SPT licensed certain rights to *Timeless* to unrelated third parties for national distribution, but that is insufficient to subject it to personal jurisdiction in Georgia. *See* Tatevosian Decl. ¶3; Winn Decl. ¶2; McGee Decl. ¶3; *McAlister v. Walt Disney Co.*, 2007 WL 9717536, at *4 (S.D. Ala. Nov. 2, 2007) ("licensing of the screenplay and purported

---

[1] The law on personal jurisdiction and venue is set forth in full in the Motion and Brief of Eric Kripke, Sony Pictures Entertainment Inc., and NBCUniversal Media LLC in support of their Motion to dismiss or transfer ("Kripke/SPE/NBCU Motion"), which SPT incorporates herein.

[2] All paragraph citations are to the Amended Complaint (Doc. 27) ("FAC"), unless cited as "Lammi Decl.," "Tatevosian Decl.," "Winn Decl.," or "McGee Decl.," which refer to the Declarations of Edward Lammi, Karen Tatevosian, Mayuko Winn, and Zachary McGee. Citations to Plaintiff's book *Shift* are designated as "S," his book *Chase* as "C," and his book *Turn* as "T." Citations to *Timeless* episodes are designated by Season ("S1" or "S2") and Episode ("E").

awareness that the film would eventually enter the forum state do not suffice to subject [defendant] to this court's jurisdiction without some purposeful act"); *Tolbert v. High Noon Prods., LLC*, 2019 WL 6311433, at *7 (N.D. Ala. Nov. 25, 2019). As SPT is not subject to personal jurisdiction in Georgia, venue is also improper. *See Foxworthy v. Custom Tees, Inc.*, 879 F. Supp. 1200, 1207 (N.D. Ga. 1995) (under 28 U.S.C. § 1400(a), "venue in copyright actions is coextensive with jurisdiction"). Dismissal is warranted under Rule 12(b)(2) and (3).

## III. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM

The Complaint fails to, and cannot, state a claim. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Eleventh Circuit's "Rule 12(b)(6) decisions have adopted the 'incorporation by reference' doctrine, under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed," *i.e.*, "the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citation omitted). Here, the Complaint incorporates Plaintiff's books and *Timeless*, as they are a "necessary part of" Plaintiff's effort to "make out a claim." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

A copyright plaintiff (1) must establish copying as a factual matter, an inference of which may be raised by proof of access and substantial similarity; *and* (2) "also must establish specifically that the allegedly infringing work is substantially similar to the plaintiff's work *with regard to its protected elements*." *Leigh v. Warner Bros.*, 212 F.3d 1210, 1214 (11th Cir. 2000) (emphasis in original). In *Leigh*, the Eleventh Circuit held the district court "was correct to hold as a matter of law" on summary judgment—after staying all discovery early in the case—that the defendant's film sequences were "not substantially similar to the protected elements of [plaintiff's] photograph." *Id.* at 1215. As the court held, "no evidence . . . would change the fact that [the defendant's] film sequences are not substantially similar to the copyrighted elements of [the plaintiff's] photograph." *Id.* at 1219.

Consistent with *Leigh*, *Iqbal*, and the incorporation-by-reference doctrine, this Court can and should compare the respective works under Rule 12(b)(6) and determine whether there is no substantial similarity in protected expression, as a matter of law—which is the case here. *See Singleton v. Dean*, 611 F. App'x 671, 672 (11th Cir. 2015) (affirming *sua sponte* dismissal for failure to state a claim where "the alleged similarities either do not exist or concern broad ideas or *scènes à faire*"); *Sieger Suarez Arch. P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340, 1350 (S.D. Fla. 2014) ("[I]n the Eleventh Circuit, it is appropriate for this Court to

determine whether the works are substantially similar and, therefore, whether Plaintiff can plausibly demonstrate entitlement to relief, in connection with the instant Motion to Dismiss."); *Marquardt v. King*, 2011 WL 5042054, at *8 (N.D. Ga. Aug. 10, 2011) (12(b)(6) dismissal involving literary works).[3]

### A.    Plaintiff's Complaint and Works Incorporated Therein

Plaintiff authored three books, titled *Shift*, *Chase*, and *Turn* ("Books") (¶¶2, 4-6). Although he published and registered each Book separately, the Complaint sometimes refers to the three Books collectively as *The Chronoshift Trilogy* (¶¶3, 7). Plaintiff claims that *Timeless* infringes his Books. He alleges that Eric Kripke was *Timeless*'s co-writer and co-producer (¶42), and speculates that Mr. Kripke could have obtained the Books through various hypothetical transmittals (¶¶48-81).

### 1.    *Timeless*

*Timeless* consists of 26 episodes and a finale. In the pilot, we learn that Mason Industries, headed by former engineer Connor Mason, has created two spaceship-like vehicles—the white "Mothership" and its metal prototype, the "Lifeboat"—

---

[3] *See Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018) ("[W]here no reasonable juror could find substantial similarity, justice is best served by putting 'a swift end to meritless litigation.' We conclude that the District Court properly considered the question of substantial similarity under Rule 12(b)(6)."); *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1123 (9th Cir. 2018), *overruled on other grounds by Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020); *Silas v. Home Box Office, Inc.*, 713 F. App'x 626, 627 (9th Cir. 2018); *Peters v. West*, 692 F.3d 629, 635-36 (7th Cir. 2012); *Peter F. Gaito Arch., LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63-64 (2d Cir. 2010); *Nelson v. PRN Prods., Inc.*, 873 F.2d 1141, 1143-44 (8th Cir. 1989).

which can transport passengers to a different date and location. Garcia Flynn, a former NSA asset from Eastern Europe, and his men storm Mason Industries, hijack the Mothership and the project's chief scientist, and escape to the day and location of the Hindenburg disaster. U.S. Homeland Security Agent Denise Christopher is tasked with overseeing a team to go after Flynn using the Lifeboat. Lucy Preston, a college professor in history and anthropology specializing in American political movements, is recruited to stop Flynn from altering history. Master Sergeant Wyatt Logan is assigned by the U.S. government to capture or kill Flynn. Rufus Carlin, a self-effacing computer programmer, is needed to pilot the Lifeboat.

It quickly becomes unclear whether Flynn really is a villain: In the pilot, he shows Lucy a journal with her handwriting, which he claims she gives him in the future, and says she should ask her superiors who "Rittenhouse" is and why she was chosen for the mission. The Lifeboat team stops Flynn from altering the Hindenburg event to kill prominent American figures who did not originally die. But upon her return, Lucy learns her own history has significantly changed: she is engaged, her mother is no longer dying of cancer, and her sister has been erased from existence.

In subsequent episodes, the Lifeboat team learns that Flynn's real aim is to destroy Rittenhouse—a shadowy, anti-democratic cabal founded in 1778 whose secret membership has included many powerful American figures. Rittenhouse

murdered Flynn's family and funded Mason Industries' time-travel project to change history for its ends. Over the course of Season 1, Flynn travels back to significant events in American history, each bound up with the mysterious Rittenhouse organization. The Lifeboat team tries to figure out and foil his plans to intervene in those events, and encounters and secures assistance from diverse historical figures. Each episode revolves around the team's immersion in a different historical event.[4]

Among Season 1 subplots, Connor pressures Rufus to secretly record Lucy and Wyatt; when Rufus refuses to continue, a Rittenhouse agent (Benjamin Cahill) threatens his family (E1, 2, 4). Lucy seeks to recover her lost sister and learns Cahill is her real father and part of Rittenhouse (E4-6, 13). Wyatt makes an unauthorized trip to 1983 Ohio in a failed bid to prevent his former wife's murder (E13).

By the end of Season 1, the NSA, which is under Rittenhouse's influence, usurps Agent Christopher's role. With the help of Lucy's grandfather in 1954, the Lifeboat team acquires documents to build a case against Rittenhouse. The team,

---

[4] Flynn's plans include aiding the 1865 conspiracy to assassinate other U.S. leaders along with Abraham Lincoln (E2); abducting scientist Wernher von Braun in 1944 to prevent his defection to America (E4); altering the 1836 Battle of the Alamo by killing Commander William B. Travis before he can finish his "Victory or Death" letter (E5); sabotaging the 1969 Apollo 11 mission, which the Lifeboat team saves with help from mathematician Katherine Johnson (E8); killing Thomas Edison, Henry Ford, and J.P. Morgan during the 1893 Chicago World Fair (E11); preventing the 1882 killing of Jesse James to locate ex-Mason Industries pilot Emma Whitmore (E12); shooting down and abducting Charles Lindbergh in 1927 Paris, where the team is assisted by Josephine Baker and Ernest Hemingway (E14); and blackmailing Rittenhouse member Joseph McCarthy in 1954 Washington D.C. (E16).

together with Connor, aligns with Flynn against Rittenhouse. Rufus's coworker and love interest, Jiya, develops troubling seizures and visions related to her time travel. Ex-Mason Industries pilot Emma Whitmore steals the Mothership for Rittenhouse, and Lucy learns with horror that her mother Carol is also part of Rittenhouse.

In Season 2, Rittenhouse, using the Mothership, tries to drastically rewrite history to destroy American democracy.[5] Each Season 2 episode continues the pattern of featuring time travel to a new time and place, where the Lifeboat team, including Flynn, interacts with historical figures and impacts a historically significant event. The team also encounters "sleeper cells" Rittenhouse has planted. Lucy and Wyatt start a romantic relationship (S2E3), foreshadowed in Season 1 when, posing as a couple, they kiss in front of Bonnie and Clyde (S1E9). However, Wyatt discovers his murdered wife Jessica is alive again, and Flynn becomes a potential love interest for Lucy (S2E3-7). Jessica turns out to be a Rittenhouse agent; she steals the Lifeboat and kidnaps Jiya (E9). The team locates Jiya in 1880s San

---

[5] In S2E1, Carol and Emma take Lucy to World War I France to recover a wounded soldier, Nicholas Keynes, who becomes a Rittenhouse leader in 2018. Rittenhouse's plans include taking over the growing auto industry through a plot that involves a car bomb during a 1955 NASCAR race (E2); increasing its propaganda reach by stealing the only copy of *Citizen Kane* in 1941 Hollywood (E3); arranging for the future mother of Benjamin Franklin to be executed in the 1692 Salem witch trials (E4); killing a 17-year-old John F. Kennedy (E5); murdering blues musician Robert Johnson to prevent the rise of 1960s counterculture (E6); framing suffragist Alice Paul for murder on the day she is to persuade Woodrow Wilson to support the 19th Amendment (E7); and altering the balance of power in favor of the Confederacy in 1863 South Carolina, where the team enlists the help of Harriet Tubman (E9).

Francisco, which leads to confrontations with Rittenhouse in which Lucy's mother and Rufus die (E10). But future versions of Lucy and Wyatt provide the team the information needed to undo Rufus's death and defeat Rittenhouse (E10).

In the finale, Flynn kills Jessica, and Rufus comes back to life. The team participates in the 1950 U.S.-led Hungnam Evacuation, where Rittenhouse is finally defeated. In the end, Lucy is shown a tenured professor with two daughters with Wyatt, and Rufus and Jiya are successful entrepreneurs. The team makes one last trip to 2014 Brazil, where Lucy gives Flynn her journal. The Mothership is destroyed, but a final scene shows a young girl sketching plans for a time machine.

### 2. Plaintiff's Three Books *Shift*, *Chase*, and *Turn*

In *Shift*, Mark Carpen is introduced as a suburban family man. While he is driving his two young children, a drunk teenage driver hits their car and kills both children. After Mark loses a lawsuit filed by the perpetrator's well-connected family, and his wife leaves him, he abandons society to live in the North Georgia mountains.

In the woods, Mark discovers three watches or "shifters," which latch onto the wearer's wrist and can only be removed at death. He discovers that the shifter allows the wearer to jump at will to a different time, but in the same location. He uses his shifter to amass billions of dollars by buying stocks and gambling. He then repeatedly goes back to the day of the fatal car accident, but his many different

attempts to save his children fail. At times, a "force" literally stops him; as he later learns, this force also prevents him and others from altering major historical events.

A man named Hardy Phillips, who also has a shifter, recruits Mark to embark on time-travel missions for a company called ChronoShift. Mark meets a second member, Ty Jennings. Mark helps Ty save his ancestor, a slave, from being lynched. After Ty and Hardy suddenly disappear, Mark forms ChronoShift. He commissions a costume-maker to create clothes from multiple countries and historical periods, and builds an arsenal of historical weapons, tools, and accessories. He recruits younger versions of Hardy from 1987 Fort Bragg and Ty from 1968 Vietnam.

The three use their shifters to save ordinary people from crimes and right personal injustices. Mark becomes infatuated with Laura Kingsley, an exotic dancer he saves. After she leaves him for Hardy, Mark's fury causes Hardy to separate from ChronoShift. A senior IRS agent, Alexander Rialto, becomes preoccupied with investigating Mark and loses his job as a result. After 15 years, Rialto figures out Mark's secret. In the year 2027, Rialto kills an older Ty to take his shifter, then kills Hardy for his. Rialto recruits Mafia henchmen in his aim to destroy Mark.

In *Chase*, Rialto also recruits Laura Kingsley and other enemies ChronoShift has made—Hugh Plageanet (plantation owner's son from mid-1800s Georgia), Randall Cook (British sailor from 1814), and Sir Randolph DeCleary (knight from

1100 England). The two sides battle to wipe out the other. But neither can win because as soon as one member is killed, another member can shift back to the previous moment to save him. During a temporary truce, Mark rescues and recruits Abigail Cooper, a 17th-century Puritan woman. He falls in love with her, but she does not reciprocate. Later, Abigail and Hardy fall in love and Hardy converts to Christianity, realizing that the insurmountable "force" protecting certain events is God. ChronoShift also helps a family in Middle Ages England.

In *Turn*, Mark learns from the U.S. President that Rialto has demanded that the government persecute Mark. Rialto threatens to cause a major war in the Middle East, claiming to have the Ark of the Covenant. ChronoShift goes further and further back in time in search of the Ark and finally determines its location. In Biblical-era Jerusalem, Mark meets Jesus and comes to accept that his children's death was part of God's plan. Mark falls in love with Savannah Stanford, who has been working for ChronoShift as a historical researcher and receptionist. Mark gives her a shifter, which she uses it to liberate girls from sex trafficking rings. There is a final battle in which Mark faces off against Rialto, who is in a giant robotic suit. The "force" stops Rialto's bullets from hitting Mark, and Mark kills Rialto. After a long life with Savannah and nearing death, Mark leaves the shifters in the past for his younger self to find. In death, Mark sees his children, smiling and happy, along with Jesus.

## B.      Plaintiff Cannot State a Claim for Relief

The  Complaint  should  be  dismissed  with  prejudice  because  the  works[6]

establish there is no substantial similarity in protected expression as a matter of law,

as  "no  reasonable  jury  could  find  [the  works]  substantially  similar  at  the  level  of

protected  expression,"  and  indeed,  Plaintiff's  alleged  similarities  "concern  only  non-

copyrightable  elements."  *Home Design Servs., Inc. v. Turner Heritage Homes Inc*.,

825 F.3d 1314, 1322-25 (11th Cir. 2016); *accord Herzog v. Castle Rock Entm't*, 193

F.3d  1241,  1247  (11th  Cir.  1999).[7]  Plaintiff's  speculations  regarding  access  to  his

Books  are  also  legally  insufficient,  but  the  Court  need  not  reach  this  issue  because

the absence of substantial similarity dooms the infringement claim.[8]

---

[6] The Complaint treats Plaintiff's Books as one work and all *Timeless* episodes as one work. Whether aggregated or considered individually, the respective works are not substantially similar. Because no new allegations could alter the works, the Complaint should be dismissed with prejudice. *See Rentmeester*, 883 F.3d at 1125.

[7] Courts have found works with far more similarities as lacking substantial similarity as a matter of law. *See Herzog*, 193 F.3d at 1257 (both works about second-generation sheriffs who return to "redneck" hometown, use information obtained from elderly men at roadside stands to unravel father's role in town's hidden past, and solve a murder, among other similarities); *see* cases cited in *Herzog*, 193 F.3d at 1262 n.16, *e.g.*, *Evans v. Wallace Berrie & Co.*, 681 F. Supp. 813, 818 (S.D. Fla. 1988) (both works featured cartoon characters inhabiting an underwater world, involved similar names, and portrayed similar experiences); *Anderson v. Paramount Pictures Corp.*, 617 F. Supp. 1 (C.D. Cal. 1985) (both works concerned a wager between two wealthy friends over whether an uneducated man could be made to pass as a successful businessman, and featured a beggar pretending to be blind by walking with dark glasses and a cup, a scene where the bettors bribe the man to enter their limousine, and references to Harvard and Russians).

[8] *See Herzog*, 193 F.3d at 1250, 1252 ("'Access may not be inferred through mere speculation or conjecture,'" and "an inference of access based on a third party's possession of the plaintiff's work requires 'more than a mere allegation that someone known to the defendant possessed the work in question.'"); *Watt v. Butler*, 457 F. App'x 856, 859-60 (11th Cir. 2012) ("mere speculation and conjecture" of access

*Characters.* Plaintiff alleges that in both works, "a team of three travel through time fighting assassins and altering historical events," consisting of a main protagonist who is a special forces operative, a female historian, and an African American male "who confronts racism when traveling back in time" (¶¶85-86). Plaintiff also alleges that "the original group of assassins comprises three people," and the leaders are "ex-employee[s] of the federal government" (¶¶87-88, 121-22).

As an initial matter, such broad similarities and general character types are not copyrightable; a claim does not arise where "the specific expression of . . . characters differs greatly." *Herzog*, 193 F.3d at 1258-59 (having "law enforcement officers whose fathers were sheriffs" is an "uncopyrightable idea"); *see Olson v. Nat'l Broad. Co.*, 855 F.2d 1446, 1449-50 (9th Cir. 1988) (two group-action adventure series, each featuring a team of three Vietnam veterans, not substantially similar). "Moreover, one character chasing another through time travel is a general similarity commonly found in films and literature, and is thus not copyrightable." *Basile v. Sony Pictures Entm't Inc.*, 2014 WL 12521344, at *6 (C.D. Cal. Aug. 19, 2014), *aff'd*, 678 F. App'x 473 (9th Cir. 2017); *see also Davis v. Am. Broad. Cos., Inc.*, 2010 WL 2998476, at *7 (W.D. Mich. July 28, 2010) ("[t]he concept of a hero

---

based on distribution, "considering the population of the Southeastern United States"); *Cynthia Clay v. Cameron*, 2012 WL 13008429, at *2-3 (S.D. Fla. Apr. 6, 2012) (complaint dismissed where plaintiff failed to allege the requisite "nexus" between general circulation and Internet availability of her work, and the defendant).

who sees visions and uses them to help people is unoriginal and unprotected").

Plaintiff's allegations are also inaccurate. In his Books, the characters cannot alter major historical events, which are "protected" by the force (S307-08, T6-7). The time-traveling team originally consists of three men: lead protagonist Mark Carpen, Hardy Phillips, and Ty Jennings. In contrast, in *Timeless*, the time-traveling team originally consists of principal protagonist Lucy Preston, Wyatt Logan, and Rufus Carlin, who are supervised by Agent Denise Christopher.

Plaintiff's attempt to liken Lucy to Savannah Stanford in his Books fails, as they are not similar in any protectable way. Savannah meets Mark because she works with her mother making costumes. She is a soft-spoken graduate student in world history, resembling a "mousy librarian" (S170). Savannah is a minor character until the final book, *Turn*, when she time-travels for the first time. Lucy, on the other hand, is *Timeless*'s main protagonist from the start. She is an outspoken and well-respected college professor specializing in American history and anthropology, who must stop Flynn from altering history (S1E1 7:46-10:48). Lucy then discovers the true villain is Rittenhouse and that her family history is inextricably intertwined with the cabal. That there is a romance between Savannah and Mark (¶¶127-28) is a basic idea. *See Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 461 (11th Cir. 1994) (device of romantic triangle "noncopyrightable"). Lucy's relationship with Wyatt *in*

*Timeless* is very different: whereas Savannah waits patiently on the sidelines while Mark falls in and out of love with Laura and Abigail (S264-67, T233), Lucy and Wyatt show immediate potential chemistry but initially bicker and spar, become gradually attracted to each other, and sleep together, but stop pursuing their romance when Wyatt discovers his former wife Jessica is alive (S1E1-2, S2E2-5).

Plaintiff's Ty and *Timeless*'s Rufus are vastly different, even in their superficial traits: Ty is a muscular, intimidating ex-Marine who served in Vietnam in 1968 (S125-26, 192); Rufus is a nerdy programmer who lacks confidence, even to ask Jiya out (S1E1). That they are African-American and inevitably encounter racism is not a protectable trait. *See Beal*, 20 F.3d at 462 ("showings of prejudice and ignorance toward those from other continents are *scènes à faire* in stories of foreigners abroad"); *Flaherty v. Filardi*, 2009 WL 749570, at *6 (S.D.N.Y. Mar. 20, 2009) ("age and race" not protectable), *aff'd*, 460 F. App'x 66 (2d Cir. 2012). And while Plaintiff alleges that each is killed and cannot be saved by the team (¶¶139-42), in fact, the Lifeboat team restores Rufus to life. Rufus and Ty are also killed in extremely different circumstances and for very different reasons. Ty is killed in the future, 2027, when he looks to be about 50 years old; Rialto shoots him near the Boston Common to steal his shifter, which does not unlock until the wearer is dead (S262-63). The younger Rufus is killed at his present-day age following a shootout

in an 1888 San Francisco saloon. He is killed by ex-Mason Industries pilot Emma after the Lifeboat team has come to rescue the kidnapped Jiya (S2E10 29:16-33:15).

Nor is Wyatt similar on a protectable level to Plaintiff's Mark. The Complaint abstractly alleges they both are "emotionally broken over the loss of" a loved one; are "firm, passionate, and has a personality that shows angry tendencies"; have "no hesitations about killing bad people before they have committed crimes and says so"; and "interrupt[] missions" to try to save their loved one, fail, but realize the deaths had to happen "for everything to work out as it needed to" (¶¶95-96, 103-04, 105-06, 107-10, 137-38). However, the concept of a person trying to save a loved one in the past is non-copyrightable, as are general character traits like being capable of anger or killing. *See Beal*, 20 F.3d at 460, 462 (insufficient similarity between "crown princes and sole heirs to the thrones of foreign nations," whose fathers are strong rulers who initially prefer the princes enter into an arranged marriage, and who come to America in search of a wife); *Arden v. Columbia Pictures Indus., Inc.*, 908 F. Supp. 1248, 1261 (S.D.N.Y. 1995) ("Although Phil and Rob bear superficial similarities, such as the fact that both are bachelors in their thirties, both pursue love interests and are somewhat chauvinistic and self-centered, any such similarities are concepts or ideas that do not reach the level of copyrightable expression.").

When the actual characters are compared, Wyatt and Mark are substantially

*dis*similar. Mark starts off as a suburban father who tragically witnesses his children die in a car accident. He becomes a hermit and then a multi-billionaire. He tries to stop the car accident by delaying or assaulting the other driver at a pizzeria, slashing the driver's tires, and even breaking his own car, but a force literally intervenes (S80-94). Mark then forms ChronoShift, which helps ordinary people who are victimized (S99-100, 201, 205-07, 218-23). In stark contrast, Wyatt is an active soldier recruited by the U.S. government to go after Flynn. He left his wife on the road after an argument; she was then murdered by an unknown assailant, although in the end it is Flynn who kills her (S1E6 23:25-24:30, Finale pt.1 25:14-27:50). Wyatt and Rufus go back to 1983 Ohio to prevent the one-night stand between a stewardess and a bartender that produces the person Wyatt believes is his wife's murderer. Although Wyatt succeeds and accidentally causes the bartender's death, it turns out the actual murderer is someone else (S1E13 33:04-34:49, 37:42-38:30). Wyatt's wife is later revived, but she is a Rittenhouse agent who must be "taken out of the timeline" for Rufus to be saved (S2E3 41:30-42:25, S2E10 18:42-20:16, Finale pt.1 19:21-21:18).

Finally, the so-called "assassins" in the respective works are nothing alike. Plaintiff's villain is Alexander Rialto, who loses his senior IRS agent position after investigating Mark. In *Timeless*, the initial supposed villain, Garcia Flynn, turns out to be a hero, and he was never a government employee, but a former "asset" of the

NSA. The generic idea of three characters in a group is not copyrightable, but in any event, there is no "original group" of three assassins in *Timeless*: Flynn raids Mason Industries with a large group of unnamed men (S1E1 4:30-54, 5:19-47).

**Theme.** The works have diametrically opposed themes. The overarching theme of Plaintiff's Books is religious—that we have to put our faith in God and accept that bad things that happen to good people cannot and should not be changed. As Mark Carpen comes to realize, "We seem to only be able to alter smaller threats of history, things that don't affect a whole lot," and accepting "God's hand" brings contentment and peace (T6-7, 274-79). In contrast, *Timeless* has a secular message about the agency of individuals to shape the past and fight the "powers that be," in a world where those actions can drastically change not only America's history and future, but the protagonists' personal histories, such as whether one's sibling exists.

**Plot and Sequence of Events.** In comparing plots, a court must look beyond a "broad similarity in ideas" to particular expression. *Beal*, 20 F.3d at 460-61. Here, the plots are not similar in their basic premises, let alone in expression. Plaintiff's Books are about a broken man's attempt to come to terms with a personal tragedy by being a time-travel entrepreneur, which inspires the villain's personal vendetta against him, but which ultimately leads to the protagonist's acceptance of God and his children's deaths. *Timeless* is an adventure series in which the protagonists

experience significant moments in American history and receive assistance from diverse historical figures, while they seek to uncover and stop a mysterious but far-reaching cabal intent on hijacking American history to destroy democracy.

The absence of substantial similarity in protected expression is confirmed by the Complaint, which resorts to allegations of general conceptual similarities and misleading or incorrect characterizations (¶¶89-94, 97-102, 113-16, 143-44), such as that in both works, the time-travel devices are pewter-gray round metal devices similar to a watch (in *Timeless*, they are large spaceship-like vehicles that resemble eyes, S1E1 6:10, 9:52); the bad guys steal a time-travel device (in Plaintiff's Books, Rialto murders Ty and Hardy in the future to take their shifters, S263, 270; in *Timeless*, Flynn raids Mason Industries in the present and hijacks the Mothership, absconding to 1937, S1E1 4:30-6:38); time travel is "managed by a private company," owned by a person whose initials are C.M. or M.C. (in *Timeless*, Agent Christopher oversees the Lifeboat team, and Rittenhouse secretly funded Mason Industries' development of the ships); a "mysterious force keeps certain historical events from being altered and certain people from being saved from death" (in *Timeless*, nearly all events are changeable, even death); "the lead protagonist gets nauseous following time travel" (non-protectable concept of motion sickness); the protagonist "argues with others about fate versus free will" and "is the only one who

19

refuses to accept fate" (several *Timeless* characters refuse to accept fate, including Lucy who demands the NSA help get her sister back, S1E4 39:42-40:28); the time-travel company has an "armory" with historical clothing and items (in *Timeless*, actually a "wardrobe dock," a necessity to blend in when time-traveling, S1E4 3:48-4:47); the teams develop or have the ability to track where enemies or competitors have traveled in time (basic idea necessary to chase people, expressed entirely differently: in Plaintiff's Books, Rialto's hired scientist develops a hand-held device that can track through electromagnetic fluctuations what date/time the person has jumped to when pointed at the person, S268-73, C14; in *Timeless*, the Lifeboat automatically "knows" the Mothership's temporal location because their CPUs are linked, and Jiya develops a method to track the Mothership's geographical location using Mason Industries' computers, S1E1 9:52-10:10, E3 2:50-4:46); the team makes "an uneasy alliance with the assassins since they are unable to destroy each other" (ChronoShift enters a temporary "truce" with Rialto; in *Timeless*, the team realizes Flynn is on their side, and never has a truce or alliance with Rittenhouse).

In any event, even if the allegations were accurate, such general ideas are not protectable. *See Herzog*, 193 F.3d at 1259 (plot of "[a] murder investigation which reveals the corrupt past of a small town" not protectable); *Marquardt*, 2011 WL 5042054, at *5 (the idea of "a mysterious, dangerous painting skill"); *Feldman v.*

*Twentieth Century Fox Film Corp.*, 723 F. Supp. 2d 357, 366 (D. Mass. 2010) ("'warning signs' of impending time travel," "some 'after effect' showing the time traveling is complete," "a tragic romance related to the time traveling," and "significant consequences as a result of the time travel" are "uncopyrightable *scènes à faire*, or stock scenes, inherent in the portrayal of time travel").

There are no similarities in detailed sequences of events, and the Complaint does not allege any. For instance, the *Timeless* pilot opens with a scene of the Hindenburg in 1937, establishes Lucy as a college lecturer, daughter, and sister, depicts Flynn escaping with the Mothership, and then shows Lucy being summoned to Mason Industries where she meets Wyatt and is briefed by Agent Christopher about their mission to stop Flynn. In contrast, in Plaintiff's Books, ChronoShift is not even mentioned until well into *Shift* (S99), and it is not until the end of *Shift* that Rialto turns into the villain and steals the shifters (S258-60, 263, 270).

***Setting.*** Plaintiff's Books span world history, but are grounded in present-day Georgia and Massachusetts. *Shift* is primarily set in Georgia (2010s, 1860s) and Massachusetts (2010s); *Chase* in Massachusetts (2010s, 1670s) and England (1100s); *Turn* in Europe and the Middle East, including 1649 Amsterdam, 1525 Venice, the Charlemagne era, the time of Jesus, and 1020 B.C. On the other hand, *Timeless* is grounded in present-day San Francisco, and each episode involves a trip

21

to a different significant moment in American history. Plaintiff nevertheless alleges the works are similar because they both include trips to Lincoln's assassination and to general time periods such as the "depression era" or "Civil War era," and involve a "secret headquarters" (¶¶117-20, 131-32, 151-52). However, such general settings are non-copyrightable, and do not make the works substantially similar. *See Herzog*, 193 F.3d at 1261 (that both works referenced black Seminole Indians immaterial because "[t]his racial background is not a unique, copyrightable element"); *Beal*, 20 F.3d at 463 ("the idea of a mosque-style palace with minarets" and "visits to fast-food restaurants and nightclub sequences" are non-protectable *scènes à faire*).

**Mood and Pace.** Plaintiff's Books and their message are more philosophical, spiritual, and serious. They also develop much more slowly. *Shift* narrates in great detail how Mark discovers the shifters, learns their capabilities and limitations, meets Hardy and Ty, and forms ChronoShift. *Chase* describes the numerous tactical battles between the sides and "re-dos" of those events, then focuses on the Abigail Cooper and Middle Ages England storylines. *Turn* narrates the long, multi-step journey in search of the Ark, concluding with a scene of Mark's death. While the storyline develops slowly, each Book involves many more time "shifts," as the characters can time-shift on a dime, and shift back and forth to the same event.

*Timeless*'s mood and pace are markedly different. It is a lighter popcorn

22

adventure, with the characters frequently making ironic asides and modern-day pop-cultural references while in the past, such as calling themselves Nurse Jackie and Dr. Dre (S1E1 20:20-28). *Timeless* develops much faster, introducing the main characters and jumping into the first mission in the pilot. However, because the time-travel vehicles are spaceships that must be piloted, the characters do not rapidly jump back and forth in time. Each episode involves a conflict and resolution relating to a particular historical event. *See Herzog*, 193 F.3d at 1260 (works not substantially similar where one was "much more thoughtful and reflective" with a slower pace).

**Other Randomly Scattered Alleged Similarities.** "Lists of similarities between the two works are 'inherently subjective and unreliable,' particularly where the list contains random similarities, and many such similarities could be found in very dissimilar works." *Herzog*, 193 F.3d at 1257. The Complaint relies on such a list of alleged similarities of minor elements, randomly plucked from the 960 pages of Plaintiff's three Books and the 20 hours of *Timeless*'s 26 episodes and finale. These allegations abstract the works to the level of non-protectable idea and ignore the significantly different expression, and in many instances also mischaracterize the works. For example, Plaintiff alleges that on pages 218-23 of *Shift*, "the team uses modern explosives to free women from the Mexican cartels," and in Season 1, Episode 5 of *Timeless*, "the team uses modern explosives to free women and children

23

from a Mexican warlord" (¶¶123-24). But the Lifeboat team's freeing of women and

children from the clutches of General Santa Anna at the Alamo in 1836 is not similar

to Mark, Hardy, and Ty's freeing of teenage human-trafficking victims from a drug

cartel in 2010 Juarez, either in expression or idea.[9] These alleged random similarities

of ideas—expressed very differently—are inadequate to state a claim of substantial

_____

[9] The same applies to the remainder of Plaintiff's allegations (¶¶111-12,149-50, 129-30, 131-36, 147-48) that: a female character switches sides to join the "assassins" (in Plaintiff's Books, Mark's and Hardy's materialistic ex-lover Laura joins Rialto enticed by his offer of a shifter, but renounces Rialto when she meets Jesus, C62-64, T281-83; whereas in *Timeless*, ex-Mason Industries pilot Emma claims to have been a Rittenhouse agent all along and turns out to be its most evil and last-defeated member, S1E12 27:58-29:36; S2E1 11:25-50, Finale pt.1 4:32-5:25, pt.2 23:38-26:00); a "stripper" or a "Vegas girl" double-crosses a protagonist and is coerced to work for the other side (in *Timeless*, minor character Judith Campbell is not a "Vegas girl," but JFK's mistress staying in Las Vegas, S1E3 5:35-6:17, 14:26-15:48); a character has "dreams or visions" about some form of destruction later encountered during time travel (in Plaintiff's Books, Mark has recurring dreams of a woman running from a burning village in 1600s Massachusetts, C97-99; in *Timeless*, supporting character Jiya has mysterious visions while awake as a side-effect of time travel, including of Rufus's death in a scene involving cowboys and scenes she never encounters later, such as a destroyed Golden Gate Bridge, S1E16 33:11-37, S2E6 41:03-58); in the "Civil War era…the African-American protagonist pretends to be a slave and the lead protagonist pretends to be his owner" (in Plaintiff's Books, Ty and Mark save Ty's ancestor from lynching, S130-43; in *Timeless*, Rufus sneaks undercover into a South Carolina plantation as a "house slave" to help foil a Rittenhouse plot to assist the Confederacy, as Wyatt separately attends a party as "Rhett Butler" without pretending to have any connection to Rufus, S2E9 18:38-19:11, 26:10-28:38); team members are captured and tied up by the "assassins" in a mission involving one or more U.S. Presidents (in Plaintiff's Books, Mark and Ty are captured, bound, and prepared for execution by Rialto and his men after they have been lured to the dates of the Lincoln and Kennedy assassinations for that purpose alone, S298-99, 301-04, 308-11; in *Timeless*, Flynn captures Lucy, Wyatt, and Rufus in a 1972-set episode involving Nixon's Watergate tapes, compels Lucy and Rufus to assist his campaign against Rittenhouse, and notes they are in the same hotel room where the team stayed during an earlier trip where Flynn tried to ensure the assassination of other leaders along with Lincoln, S1E6 6:55-10:58); there is a woman who lives alone in the woods (there is no similarity between Plaintiff's Abigail Cooper, a 1600s Puritan, C95-97, 106-113, and *Timeless*'s villain Emma); a character refuses "to see himself in the past" (in Plaintiff's Books, Mark merely avoids seeing himself in the past due to a "strange phobia," T374; in *Timeless*, there is no "refusal" but a danger of horrible physical consequences, S1E1 15:11-33).

similarity. *See Herzog*, 193 F.3d at 1261-62 (alleged similarities such as the use of a keychain/masonic ring as a means of identification, blackmailing sheriffs killed by their deputies, prominent businesswomen harboring secrets, old-timers telling sheriffs about the town, corpses/death due to foul play instead of natural causes, the consequences of prank sparking a chain of events and revelations).

In sum, no reasonable juror could find the works substantially similar at the level of protected expression. The Complaint should be dismissed with prejudice.

## IV.   ALTERNATIVELY, THE ACTION SHOULD BE TRANSFERRED

For the reasons discussed in the Kripke/SPE/NBCU Motion and shown in the declarations filed in support, which SPT incorporates herein, if the Court does not dismiss the Complaint in its entirety, the balance of convenience and justice strongly favors a transfer of this action to the Central District of California pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted, October 16, 2020.

> **HOLLAND & KNIGHT LLP**
> */s/ Caroline Johnson Tanner*
> Caroline Johnson Tanner
> Georgia Bar No. 392580
> One Regions Plaza, Suite 1800
> 1180 West Peachtree Street, N.W.
> Atlanta, GA 30309-3407
> (404) 817-8500; (404) 881-0470 (Fax)
> caroline.tanner@hklaw.com
> *Attorneys for Defendants*

**ATTACHMENT A**

**COPIES OF PLAINTIFF'S BOOKS,**
***SHIFT, CHASE,* AND *TURN***

**(Filed Manually with the Court as Attachment A to SPT's Initial Motion to
Dismiss or Transfer filed October 16, 2020 (Doc. 18),
and Incorporated Herein)**

**ATTACHMENT B**

**COPIES OF TELEVISION SERIES *TIMELESS*
SEASON 1 AND
SEASON 2 WITH FINALE**

**(Filed Manually with the Court as Attachment B to SPT's Initial Motion to
Dismiss or Transfer filed October 16, 2020 (Doc. 18),
and Incorporated Herein)**

## LOCAL RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies that the within and foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

This 23rd day of November, 2020.

**HOLLAND & KNIGHT LLP**

*/s/ Caroline Johnson Tanner*
Caroline Johnson Tanner
Georgia Bar No. 392580
One Regions Plaza, Suite 1800
1180 West Peachtree Street, N.W.
Atlanta, GA 30309-3407
(404) 817-8500
(404) 881-0470 (Fax)
caroline.tanner@hklaw.com

*Attorneys for Defendants Sony Pictures Entertainment Inc., Sony Pictures Television Inc., NBCUniversal Media, LLC, and Eric E. Kripke*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day a true and correct copy of the foregoing Motion and Brief of Defendants Sony Pictures Television Inc. in Support of Motion to Dismiss the Amended Complaint Under FRCP 12(b)(2), (3), and (6), or Alternatively, to Transfer the Action Pursuant to 28 U.S.C. § 1404(a), has been filed via the Court's CM/ECF electronic service and served via the ECF system to all attorneys of record.

This 23rd day of November, 2020.

**HOLLAND & KNIGHT LLP**

*/s/ Caroline Johnson Tanner*
Caroline Johnson Tanner
Georgia Bar No. 392580