UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASE NO.: 1:20-cv-03616-SDG

| | |
|---|---|
| BRYAN ZACK MASON,<br><br>    Plaintiff,<br><br>v.<br><br>SONY PICTURES ENTERTAINMENT INC., SONY PICTURES TELEVISION INC., NBCUNIVERSAL MEDIA, LLC, AND ERIC E. KRIPKE dba KRIPKE ENTERPRISES,<br><br>    Defendants. | |

## NOTICE OF FILING OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT UNDER FRCP 12(B)(6)

  Defendants Sony Pictures Entertainment Inc., Sony Pictures Television Inc., NBCUniversal Media, LLC, and Eric E. Kripke hereby submit the attached supplemental authority, *Dubay v. King*, No. 19-11224, 2021 WL 688507, --- Fed. Appx. --- (11th Cir. Feb. 23, 2021), which the Eleventh Circuit decided after Defendants filed their Motions to Dismiss under FRCP 12(b)(6) (Docs. 30-31).

1

Like this case, *Dubay* involved a claim for copyright infringement. Plaintiff claimed that the Roland Deschain character in *The Dark Tower*—a novel series by Stephen King and related graphic novels and motion picture—infringed a character named Restin Dane in a comic book series called *The Rook*. Plaintiff argued that the characters were "substantially similar because (1) they have similar names, (2) interact with towers that are integral to time travel, (3) have bird companions, (4) are marked by knightly characteristics, (5) travel back in time to save a young boy who becomes a gunslinger, (6) wear Western garb, (7) survive a fictionalized Alamo, and (8) use knives." *Dubay*, 2021 WL 688507, at *5. Plaintiff also argued that "Dane was the first character that combined these elements to create a distinctive character that King later copied." *Id.*

The Eleventh Circuit held that the characters were not substantially similar. As the court explained, "[s]ubstantial similarity exists when 'an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.'" *Id.* at *6. It is the court's task to "determine[] both whether the similarities between the works are substantial from the point of view of the lay observer and whether those similarities involve copyrightable material.'" *Id.* Addressing Plaintiff's allegations, the court held that, as a matter of law, "character names do not merit copyright protection," and "knightly heritage, travel to different times and

parallel worlds, Western attire, fictionalized Alamo histories, and knife-wielding . . . are *scènes à faire* that are too general to merit copyright protection." *Id*. The court held that the remaining elements were "not substantially similar because the elements are portrayed in different ways." *Id.* For instance, "Dane travels back in time to the Battle of the Alamo and, by chance, saves the life of a young boy who turns out to be Dane's great-great-grandfather," and "Deschain also saves and bonds with a young boy, but Deschain later betrays and sacrifices the boy for the sake of his quest." *Id.* at *7. "Even if these elements bear some similarity, the portrayals of these elements are distinguishable," and "[g]iven these distinctive presentations, 'no reasonable jury upon proper instruction would find that the two works are substantially similar.'" *Id.* (quoting *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994)).

The Eleventh Circuit also rejected Plaintiff's argument that the characters' combinations of these elements were substantially similar. *Id.* at *7. As the court held, "by asking us to take a broader view of the characters, Dubay hurts rather than helps his case because this holistic analysis further highlights the distinctiveness of each character." *Id.* The "characters are surrounded by different stories and contexts, thereby rendering any similarities superficial." *Id.*

Like the plaintiff in *Dubay*, Plaintiff Bryan Mason alleges there is substantial

similarity based on cherry-picked elements, abstracted to a high level of generality—not at the level of expression. The portrayals of these randomly selected elements are distinguishable, and when the works are compared holistically, no reasonable jury upon proper instruction would find them substantially similar.

While the issue of substantial similarity in *Dubay* arose on a motion for summary judgment, the legal principles apply with equal force to a motion to dismiss where, as here, the entire works are before the Court.[1] The Eleventh Circuit's analysis of substantial similarity in *Dubay*, based on a comparison of the works themselves in their concrete details, is instructive. For these reasons, Defendants present the attached cases for the Court's consideration.

Respectfully submitted, March 10, 2021.

        **HOLLAND & KNIGHT LLP**

        */s/ Caroline Johnson Tanner*
        Caroline Johnson Tanner
        Georgia Bar No. 392580
        One Regions Plaza, Suite 1800
        1180 West Peachtree Street, N.W.
        Atlanta, GA 30309-3407
        (404) 817-8500; (404) 881-0470 (Fax)
        caroline.tanner@hklaw.com
        *Attorneys for Defendants*

---

[1] The district court awarded the defendants over $1 million in legal fees and costs. *See Dubay*, No. 3:17-cv-00348, Doc. 153 (M.D. Fla. Jan. 22, 2021).

## **LR 7.1(D) FONT COMPLIANCE CERTIFICATION**

The undersigned counsel for Defendants Sony Pictures Entertainment Inc., Sony Pictures Television Inc., NBCUniversal Media, LLC, and Eric E. Kripke (erroneously sued as dba Kripke Enterprises) hereby certifies that the within and foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

This 10th day of March, 2021.

**HOLLAND & KNIGHT LLP**

*/s/ Caroline Johnson Tanner*
Caroline Johnson Tanner
Georgia Bar No. 392580
One Regions Plaza, Suite 1800
1180 West Peachtree Street, N.W.
Atlanta, GA 30309-3407
(404) 817-8500
(404) 881-0470 (Fax)
caroline.tanner@hklaw.com

*Attorneys for Defendants Sony Pictures Entertainment Inc., Sony Pictures Television Inc., NBCUniversal Media, LLC, and Eric E. Kripke*

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true and correct copy of the foregoing *NOTICE OF FILING OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)* has been filed via the Court's CM/ECF electronic service and served via the ECF system to all attorneys of record.

This 10th day of March, 2021.

                                  **HOLLAND & KNIGHT LLP**

                                  */s/ Caroline Johnson Tanner*
                                  Caroline Johnson Tanner
                                  Georgia Bar No. 392580