IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRYAN ZACK MASON,<br><br>       Plaintiff,<br><br>                  v.<br><br>SONY PICTURES ENTERTAINMENT, INC.,<br>SONY PICTURES TELEVISION INC.,<br>NBCUNIVERSAL MEDIA, LLC, and ERIC E.<br>KRIPKE d/b/a KRIPKE ENTERPRISES,<br><br>       Defendants. | Civil Action No.<br>1:20-cv-03616-SDG |

**OPINION AND ORDER**

This matter is before the Court on a motion to dismiss or transfer filed by Defendant Sony Pictures Television Inc. (Sony TV) [ECF 30] and a motion to dismiss or transfer jointly filed by Defendants Sony Pictures Entertainment, Inc., (Sony Entertainment) NBCUniversal Media, LLC (NBCU), and Eric E. Kripke d/b/a Kripke Enterprises (Kripke) [ECF 31]. For the following reasons, and with the benefit of oral argument, both motions to dismiss are **GRANTED**. The pending motions docketed as ECF 18, ECF 19, and ECF 20 are **DENIED AS MOOT**.

## I.     BACKGROUND[1]

Plaintiff Bryan Zack Mason is a self-published author.[2] Mason has written a three-book science fiction and fantasy series colloquially known as *The Chronoshift Trilogy*: (1) *Shift*, published December 14, 2011; (2) *Chase*, published May 21, 2012; and (3) *Turn*, published July 12, 2012.[3] The general plot of *The Chronoshift Trilogy* involves a team of three individuals traveling through time to fight various assassins and alter the course of historical events.[4] Mason published each book through Amazon.com and distributes them through Ingram Book Distributors.[5] Mason has sold over 50,000 copies of *The Chronoshift Trilogy*.[6] Mason has also sought and obtained a copyright for each book.[7]

---

[1]   The Court treats the following non-jurisdictional allegations as true for the purposes of this Order. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

[2]   ECF 27, ¶ 2.

[3]   *Id.* ¶¶ 3–7, 9.

[4]   *Id.* ¶ 85.

[5]   *Id.* ¶ 8.

[6]   *Id.* ¶ 11.

[7]   *Id.* ¶¶ 43–46.

Sony Entertainment is a company that acquires, distributes, films, and produces a wide array of entertainment through multiple media.[8] Sony TV is a subsidiary of Sony Entertainment and operates as a content provider.[9] NBCU is a subsidiary of the media and entertainment conglomerate Comcast Corporation.[10] Kripke is a television writer, director, and producer in Los Angeles, California.[11]

In early 2014, Mason decided to adapt *The Chronoshift Trilogy* into a film.[12] Mason hired Joel Wilsford—CEO of Trillium Capital Investments, LLC—to finance and produce the project.[13] On November 17, 2014, Mason hired Adam Bret—CEO of Low Rider Films, LLC—to market the series to his connections in Los Angeles.[14] According to Mason, Wilford and Bret pitched *The Chronoshift Trilogy* to producer Mike Richardson and provided him with physical copies of each book.[15] Through a mosaic of connections, Mason alleges—upon information

---

[8]   *Id.* ¶ 38.

[9]   *Id.* ¶ 39.

[10]  *Id.* ¶ 41.

[11]  *Id.* ¶ 42.

[12]  *Id.* ¶ 71.

[13]  *Id.* ¶ 72.

[14]  *Id.* ¶ 73.

[15]  *Id.* ¶ 74.

and belief—that Kripke ultimately obtained copies and/or knowledge of *The Chronoshift Trilogy* from either Richardson or two other individuals—Anne Cofell Saunders and Matt Whitney—who Mason alleges are writers and producers with prior experience working on other NBCU projects and with Kripke.[16] According to Mason, the plot of the currently syndicated television show *Timeless*—which he alleges was written by Kripke, produced by Sony Entertainment and Sony TV, and broadcasted by NBCU—infringes on *The Chronoshift Trilogy*.

Mason initiated this action on September 1, 2020.[17] Mason filed an Amended Complaint on November 13, asserting one claim for copyright infringement under 17 U.S.C. § 501.[18] On November 23, Defendants filed two separate motions to dismiss; one solely by Sony TV and a second jointly by Sony Entertainment, NBCU, and Kripke.[19] Mason filed an omnibus response in opposition to both

---

16   *Id.* ¶¶ 53–70, 81.

17   ECF 1.

18   ECF 27.

19   ECF 30; ECF 31.

motions on January 4, 2021.[20] Defendants filed two separate replies on January 25.[21] On April 16, the Court heard oral argument from the parties on the motions.

## II. DISCUSSION

Although Defendants have filed separate motions, they collectively argue Mason's copyright infringement claim must be dismissed under: (1) Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction; (2) Rule 12(b)(3) for improper venue; and (3) Rule 12(b)(6) for failure to state a facially plausible claim. The Court first addresses Defendants' jurisdictional arguments. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) ("As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims.").

### A.  Personal Jurisdiction

#### 1.  Legal Framework

A complaint is subject to dismissal if the Court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). A plaintiff seeking to establish "personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of

---

[20]  ECF 35.

[21]  ECF 37; ECF 38.

jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). In assessing a *prima facie* case, the Court "must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Id*. If the defendant submits contradictory affidavits, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Diamond Crystal*, 593 F.3d at 1257 (quoting *Meier*, 288 F.3d at 1269).

The Supreme Court recognizes two types of personal jurisdiction: "general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). General jurisdiction "extends to 'any and all claims' brought

against a defendant . . . [and] [t]hose claims need not relate to the forum State or the defendant's activity there; they may concern events and conduct anywhere in the world." *Id*. But this principal is limited; a court "may exercise general jurisdiction only when a defendant is 'essentially at home' in the State." *Id*. *See also Goodyear*, 564 U.S. at 919 ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."). The "paradigm for[a]" for general jurisdiction are: (1) for an individual, the state of his or her domicile and (2) for a corporation, "the place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). *But see id*. at 140 n.19 (leaving open "the possibility that in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such nature as to render the corporation at home in that State"). Here, the Court need not consider whether

general jurisdiction exists; Mason does not allege that any of the Defendants can properly be considered "at home" in Georgia.[22]

That leaves specific jurisdiction. This theory hinges "on an affiliation between the forum and the underlying controversy." *Goodyear*, 64 U.S. at 919 (citation omitted). *See also Ford*, 141 S. Ct. at 1024 ("Specific jurisdiction is different: It covers defendants less intimately connected with a State, but only as to a narrower class of claims."); *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017) ("[T]he *suit* must arise out of or relate to the defendant's contacts with the forum.") (emphasis in original) (brackets and punctuation omitted). The inquiry is two-fold: "[T]he exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1363–64 (11th Cir. 2021). *See also Diamond Crystal*, 593 F.3d at 1259. In this case, the Court need not address Georgia's long arm statute; the well-settled principles of constitutional due process prohibit the exercise of personal jurisdiction over any Defendant.

---

[22] *See* ECF 27, ¶¶ 36, 38 (alleging Sony Entertainment and Sony TV are incorporated in Delaware with principal places of business in California); ¶ 40 (alleging NBCU is incorporated in Delaware with a principal place of business in New York); ¶ 42 (alleging Kripke is a citizen of California).

### 2.     **Constitutional Due Process**

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). "Due process requires that a non-resident defendant have certain minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *United States ex rel. v. Mortg. Invs. Corp.*, 987 F.3d 1340, 1354 (11th Cir. 2021). *See also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The minimum contacts inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 284 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). But not just any contacts will do; "the defendant's suit-related conduct must create a substantial connection with the forum State." *Id. See also Bristol-Myers Squibb*, 137 S. Ct. at 1781 (citing *Goodyear*, 564 U.S. at 919) ("[T]here must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that [took] place in the forum State.") (citing *Goodyear*, 564 U.S. at 919) (emphasis added). Contacts with the forum that are "random, fortuitous, or attenuated" are not sufficient. *Walden*, 571 U.S. at 286 (quoting *Burger*

*King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). To guide the due process inquiry, the Eleventh Circuit has formulated a three-part test:

> (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (collecting cases) (quotation marks omitted).

Mason's claims falter at the first element.[23] As the Supreme Court recently reaffirmed, for specific jurisdiction to attach "the plaintiff's claims 'must *arise out of or relate to* the defendant's contacts' with the forum." *Ford*, 141 S. Ct. at 1019 (citing *Bristol-Myers Squibb*, 137 S. Ct. at 1780) (emphasis added). Although this does not demand proof of "but for" causation—*id.* at 1026 & 1033 (Alito, J., concurring)—the issues must be "deriv[ed] from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb*, 137 S. Ct. at 1780.

---

23  Because the Court finds Mason's claims do not "arise out of or relate to" Defendants' contacts with Georgia, the Court need not discuss the remaining two factors.

Absent such a connection, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781.

Here, Mason does not identify a sufficient connection between his infringement claim and Defendants' alleged contacts with Georgia. Starting with the Amended Complaint, Mason alleges NBCU regularly markets and broadcasts television series and films to Georgia residents.[24] He then alleges that Sony Entertainment, Sony TV, and Kripke have each engaged in "regular collaborations with [NBCU]" to facilitate this conduct.[25] Treated as true, these broad allegations cast doubt on whether Mason has even made out a *prima facie* case. Absent are specific facts explaining how this alleged marketing, broadcasting, or facilitation of business in any way relates to *The Chronoshift Trilogy* or *Timeless*.

But assuming Mason has established his *prima facie* case, Defendants submit specific evidence directly contradicting Mason's allegations. According to Defendants, none of them had a single contact with Georgia related to *The Chronoshift Trilogy* or *Timeless*. Their evidence shows that: (1) "[t]he creation, development, and production of *Timeless* occurred primarily in Los Angeles"; (2) *Timeless* was filmed in Los Angeles and Vancouver, British Columbia; and

---

[24]   *Id.* ¶ 18.

[25]   *Id.* ¶¶ 23, 28, 30.

(3) none of the Defendants transacted any business with relation to *Timeless* in Georgia.[26] Given this evidence, the burden shifts back to Mason to come forward with evidence supporting jurisdiction. *United Techs.*, 556 F.3d at 1277.

Mason attempts to do so by submitting his own declaration in response. Mason reiterates that NBCU, Sony TV, and Sony Entertainment transact some modicum of business in Georgia. For example, Mason points to: (1) an "About Us" section on NBCU's website that describes the company as, among other things, "one of the world's leading media and entertainment companies in the development, production, and marketing of entertainment, news and information to a global audience"; (2) evidence that NBCU is one of nearly 100 subsidiaries of Comcast, three of which are located in Georgia; (3) an April 23, 2014 press release from Sony Entertainment indicating that the movie *Goosebumps* would be filmed in Georgia; (4) an "About Us" section on Sony TV's website that describes the company as "one of the television industry's leading content providers, producing, distributing and carrying programming worldwide in every genre and for every platform . . . [and] operat[ing] a robust portfolio of wholly-owned and

---

[26] ECF 18-3, ¶ 5 (Lammi Declaration); ECF 19-1, ¶¶ 8–9 (Kripke Declaration); ECF 19-2, ¶ 6 (Hallinan Declaration); ECF 19-3, ¶ 2 (Kornzweig Declaration).

joint-venture production companies across the U.S."; and (5) that Sony TV is registered to do business in Georgia.[27]

The problem is that, treating all this information as true and extending all reasonable inferences in Mason's favor, none of it contradicts Defendants' evidence or otherwise shows a connection between Defendants' contacts with Georgia and Mason's claim against them. For instance, Kripke's declaration denies Mason's jurisdictional allegations and provides specific facts showing he has no purposeful contacts—*Timeless*-related or otherwise—with Georgia. Mason does not articulate an argument or present evidence to the contrary. Given this posture, Mason cannot simply rely on the factual allegations in his Amended Complaint to assert personal jurisdiction in a Georgia court over Kripke. *See United Techs.*, 556 F.3d at 1277. For Sony Entertainment, Sony TV, and NBCU, Mason does point to some evidence demonstrating their contacts with Georgia. But none of those contacts bears any connection whatsoever to Mason's infringement claim.

For example, Mason points to an online article from Sony Entertainment discussing the filming of *Goosebumps* in Georgia. But *Goosebumps* is an entirely unrelated project with no connection to *The Chronoshift Trilogy* or *Timeless*. Mason

---

[27] ECF 36 (Mason Decl.).

also relies on the nationwide broadcast of *Timeless* on NBCU-affiliated networks. Assuming, *arguendo*, that Mason has sued the correct entity or affiliate, he cannot simply rely on the blanketed broadcasting of *Timeless* in all fifty states to establish that Sony Entertainment, Sony TV, and NBCU purposefully directed their alleged infringement activity into *Georgia. See Thoroughbred Legends, LLC v. Walt Disney Co.*, No. 1:07-cv-1275-BBM, 2007 WL 9702282, at *7 n.4 (N.D. Ga. Dec. 4, 2007) ("Most courts require some form of purposeful action in the forum state beyond mere nationwide broadcast to find personal jurisdiction over a defendant involved in that broadcast.") (collecting cases). *See also* ECF 31, at 14 n.4 (collecting cases). To find otherwise would effectively establish specific personal jurisdiction over Defendants and all their industry-wide competitors in every state in the country. Critically, there is no evidence that these Defendants had any purposeful contact with Georgia relating to *The Chronoshift Trilogy* or *Timeless*. And while Mason resides in and created *The Chronoshift Trilogy* in Georgia, "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285.

Finally, Mason relies on a July 18, 2013 communication from Jon Kovel—a representative of Universal Pictures—who contacted Mason in Georgia and requested permission to use physical copies of *Shift* as a set dressing in a separate

movie entitled *Endless Love*, which was filmed in Georgia.[28] Mason subsequently executed a Clearance Authorization permitting the display of *Shift*, which briefly appeared in the background of a scene in *Endless Love*.[29] According to Mason, this transaction is enough to show that, at a minimum, NBCU had a purposeful contact with Georgia that relates to his infringement claim. The Court does not agree.

First, Mason's own evidence makes clear that the relied-on communication occurred with *Universal Pictures*, a non-party subsidiary of *NBCU*. Even assuming, *arguendo*, this sole contact is enough to establish personal jurisdiction over Universal Pictures, the Supreme Court has made clear that for specific personal jurisdiction to attach, "the relationship must arise out of contacts that the defendant *himself* creates with the forum State." *Walden*, 571 U.S. at 284 (emphasis in original). It is axiomatic that "as long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other." *Brazil v. Janssen Rsch. & Dev. LLC*, 249 F. Supp. 3d 1321, 1332 (N.D. Ga. 2016). *See also Andrews v. Mazda Motor Corp.*, No. 1:14-cv-03432-WSD, 2015 WL 1851159, at *5 (N.D. Ga. Apr. 22, 2015); *AFC Enters., Inc. v. Hearst*

---

[28] ECF 27, ¶ 48–52; ECF 36-1.

[29] *Id*.

*Corp.*, No. 1:11-cv-4150-WSD, 2012 WL 13014021, at *5 (N.D. Ga. Sept. 10, 2012). As summarized by a court in this district:

> [T]o exercise personal jurisdiction over a parent because of its subsidiaries' activities, a plaintiff must show that the corporate form was simply a formality, and that the incorporation of the subsidiaries was a sham or that it was used to defeat a public convenience, to justify wrong, protect fraud, defend crime, or any other reason which in equity and good conscience would justify the disregard of the corporate entities.

*Brazil*, 249 F. Supp. 3d at 1332 (discussing jurisdiction under Georgia's long arm statute).

Mason does not allege specific facts or provide evidence showing an abuse of the corporate form, nor any alternative reason to attribute the actions of Universal Pictures to NBCU or vice versa. Mason's evidence actually demonstrates the contrary; Universal Pictures is one of many subsidiaries of NBCU, which in turn is one of nearly 100 subsidiaries of Comcast. At bottom, the Court finds no justification to graft a single, isolated contact by Universal Pictures onto NBCU to establish personal jurisdiction over NBCU in Georgia.

In any event, Mason's isolated contact with Universal Pictures would still be insufficient for the additional reason that it concerned *Endless Love*, a separate film. This contact does not "arise out of or relate to" Mason's infringement claim regarding *Timeless*. The alleged connection is far more attenuated; according to

Mason, someone—perhaps Saunders, perhaps Whitney, or perhaps someone else—may have seen or read *Shift* in Georgia during the filming of *Endless Love* and passed it along certain channels until it ultimately reached Kripke. Then, the theory goes, Defendants proceeded to infringe on Mason's works by creating *Timeless*. Even assuming all these speculative events actually occurred, they do not demonstrate that *Defendants* had a purposeful contact with *Georgia*. To reiterate, Mason does not contradict Defendants' evidence that all actions relating to *Timeless* took place in either Los Angeles or Vancouver, not Georgia. These are exactly the sorts of "random" and "attenuated" contacts condemned by the Supreme Court as insufficient to create specific jurisdiction. *See Ford*, 141 S. Ct. at 1025 ("The contacts must be the defendant's own choice and not random, isolated, or fortuitous."). In sum, the Court finds that it lacks personal jurisdiction over any Defendant in this action.

### III.  CONCLUSION

Sony TV's motion to dismiss [ECF 30] and Sony Entertainment, NBCU, and Kripke's motion to dismiss [ECF 31] are **GRANTED** on personal jurisdiction grounds. Since the Court lacks personal jurisdiction, it cannot evaluate the merits of the case. *Republic of Panama*, 119 F.3d at 940. Therefore, Defendants' motions to dismiss based on a failure to state a facially plausible copyright infringement claim

are **DENIED AS MOOT**. The pending motions docketed as ECF 18, ECF 19, and ECF 20 are also **DENIED AS MOOT**. Mason's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this the 28th day of April 2021.

Steven D. Grimberg
United States District Court Judge